John Edward **BURKE**, Plaintiff,

v.

Pamela **BYRD** and Isaac Byrd,
Defendants.

Civ. A. No. 494.

United States District Court
N. D. Florida,
Marianna Division.

Oct. 17, 1960.

---

Marvin A. Urquhart, Jr., Davenport & Johnston, Earl Duncan, Panama City, Fla., for plaintiff.

Loyd C. Hilton, Jr., Barron & Hilton, Panama City, Fla., for defendants.

CARSWELL, Chief Judge.

The plaintiff in negligence action is a member of the military services and was injured in an automobile accident in which defendants owned and operated the vehicle. Plaintiff alleges in his complaint that the United States Air Force has paid for his hospitalization and medical treatment as incident to his enlistment. He asks reasonable value for those services rendered.

■ The issue presented on defendants' motion to strike is whether or not a serviceman is entitled to recover from a tort-feasor for the reasonable value of medical services rendered the serviceman by the United States government and for which the serviceman does not pay. Since this question has never been decided in the Florida courts the plaintiff urges that we look to the other jurisdictions for determination. It has been generally held that total or partial compensation for an injury received by the injured party from collateral source wholly independent from the wrongdoer will not operate to lessen the damages recoverable from the person causing the injury. The fact that as a direct result of being injured he has received contributions from others, such as charitable donations or donations by friends and neighbors or gratuitous medical attention and nursing or that he has been wholly or partly indemnified for his loss by insurance is not to be taken into consideration in assessing his damages. 15 Am.Jur., Damages, § 198 and § 199. See also Restatement of Torts, Section 920, Comment E.

■ The fact that medical attention and nursing have been rendered gratuitously to one injured by the wrongful act of another will not preclude the injured party from recovering the value of such services as part of his compensatory damages. Defendant cannot take advantage of the fact that the doctor's bill and expenses were paid for the plaintiff by a beneficial society, by members of his family, by his employer, by other persons.

Some authorities hold that no recovery for attention and medical services can be had unless there has been an actual expenditure of money for such attention and services or liability therefor has been incurred on the theory that the recovery must be only for such pecuniary damages as the plaintiff has actually suffered. Under this rule it has been held in some courts that no recovery can be had for medical attendance where the plaintiff was treated at charity hospital or at the expense of the town or country.

In all cases, however, reasonable compensation for nurse hire and attendance is a proper item of recovery notwithstanding the fact that the persons who performed the services were relatives who might have been bound to take care of the plaintiff without compensation if he paid or has become liable for the expense and the service necessary.

Where services are rendered gratuitously to the plaintiff, it does not seem

reasonable that defendant, who is a wrong-doer, should be permitted to profit by any gratuity extended to his victim, and consequently the reasonable value of said services should be recoverable. Sainsbury v. Pennsylvania Greyhound Lines, Inc., 4 Cir., 1950, 183 F.2d 548, 21 A.L.R.2d 266; 128 A.L.R. 687. In Sainsbury v. Pennsylvania Greyhound Lines, Inc., it was held that where a lawyer told a serviceman he should accept a small amount in recovery for an accident occurring on a bus because he could not recover the reasonable value of medical services rendered to him by the military service, it was an obvious and material misrepresentation of the law and the plaintiff was entitled to set aside the release which he gave defendant Greyhound Lines. The court stated that the representation by the lawyer to the serviceman that he could recover only for pain and suffering was a false statement of the law. In Plank et al. v. Summers, 1954, 203 Md. 552, 102 A.2d 262, 266, an action for injuries sustained by the plaintiffs who were military personnel, it was held that the jury should have been allowed to consider and award them the reasonable value of the hospital and medical services rendered to them without charge. The Court said:

> "It therefore appears that the majority of the cases hold that where hospital and medical services are furnished gratuitously to the injured party, he can recover the value of those services from the tort feasor. This seems to be the modern rule. Here also it might well be considered that medical and hospital services supplied by the Government to these members of the United States Navy were part of the compensation to them for services rendered, and therefore that by their service in the Navy they had paid for these. If, by their services, the appellants paid for the medical and hospital expenses, certainly the value of these are proper items for the jury to consider in arriving at the amount of damages to be paid by the appellee."

This principle was approved in the case of Hudson v. Lazarus, 1954, 95 U.S. App.D.C. 16, 217 F.2d 344. See also Rayfield v. Lawrence, 4 Cir., 1958, 253 F.2d 209 and cases and authorities cited therein. 68 A.L.R.2d 868.

 This Court is in agreement with the principles heretofore stated, and finds that the reasonable value of the medical services rendered by the government may be recoverable. The motion to strike is denied.