150 So.2d 457 (1963)
Bernard Louis PARADIS and Yves Paradis, Appellants,
v.
Wilbur THOMAS, Appellee.
Bernard Louis PARADIS and Yves Paradis, Appellants,
v.
Wayne Keith THOMAS, Appellee.
Nos. 3285, 3286.
District Court of Appeal of Florida. Second District.
March 6, 1963.
Robert P. Murray and Stephen H. Grimes, of Holland, Bevis & Smith, Bartow, for appellants.
Mark R. Hawes, of Earle & Hawes, St. Petersburg, and Lawton M. Chiles, of Carr, Chiles & Ellsworth, Lakeland, for appellee.
ALLEN, Judge.
Appellant, Bernard Louis Paradis, and appellee, Wayne Keith Thomas, were involved in an automobile accident in which their cars collided. As a result of this accident, suit was filed by appellees, Wilbur Thomas and Wayne Keith Thomas, seeking recovery for property damage and personal injuries due to alleged negligence on the part of appellants. Appellants denied negligence and counterclaimed for damages resulting from appellees' alleged negligence.
The cause was tried and a jury returned verdicts in the amount of $560 for plaintiff-appellee Wilbur Thomas and $30,000 for plaintiff-appellee Wayne Keith Thomas. Judgments were entered on the verdicts and these consolidated appeals ensued. Appellant designates as error the admission into evidence of certain expert testimony, certain photographic evidence, testimony as to income potential and testimony as to medical expenses. We have examined the briefs, appendices and the record in this cause and conclude that there was no error. Of the four points raised only one requires extended discussion, although we would note in passing that, with respect to the expert testimony, the decision *458 of the trial court as to the "expert's" competency is accorded great weight and will not be disturbed in the absence of clearly evident error. Myers v. Korbly, Fla.App. 1958, 103 So.2d 215.
Appellant's objection to the receipt into evidence of testimony concerning the value of hospital services rendered to appellee is based on the fact that appellee Wayne Keith Thomas was in the armed service, received these services from a governmental agency and was not obligated to pay for the services. Appellant objects both to the receipt of evidence concerning the value of the service and the court's refusal to allow appellant to show that appellee was not obligated to pay for them. There is thus squarely present on first impression in this jurisdiction the question whether hospital and medical services furnished a serviceman without obligation for repayment are a proper element of his damages. Upon consideration and after review of the persuasive authority in jurisdictions having considered the question, we conclude that the value of such services are a proper element of damages and that the lower court did not err.
In determining that medical benefits received from a governmental agency do not mitigate damages, we are merely applying the "collateral source rule" recognized with respect to insurance in this court's decision in Finley P. Smith, Inc. v. Schectman, Fla.App. 1961, 132 So.2d 460. As the author of one encyclopedia phrases the rule, "total or partial compensation for an injury received by the injured party from a collateral source wholly independent of the wrongdoer will not operate to lessen the damages recoverable from the person causing the injury." 15 Am.Jur., Damages, § 198 (1938). See too 25 C.J.S. Damages § 99 (1941); Restatement of Torts, § 920, comment e, § 924, comment f.
With respect to the particular collateral source here involved, an excellent annotation in 68 A.L.R.2d 868, 876 (1959) indicates a nearly overwhelming modern authority supporting the inclusion of such benefits as an element of damages. The cases collected, including Burke v. Byrd, D.C.N.D.Fla. 1960, 188 F. Supp. 384, were persuasive in our determination that medical benefits received by a serviceman from a governmental agency are properly an element of damages and that the trial court was correct in so considering such benefits.
In Burke v. Byrd, supra, Chief Judge Carswell said:
"Where services are rendered gratuitously to the plaintiff, it does not seem reasonable that defendant, who is a wrong-doer, should be permitted to profit by any gratuity extended to his victim, and consequently the reasonable value of said services should be recoverable. Sainsbury v. Pennsylvania Greyhound Lines, Inc., 4 Cir., 1950, 183 F.2d 548, 21 A.L.R.2d 266; 128 A.L.R. 687. In Sainsbury v. Pennsylvania Greyhound Lines, Inc., it was held that where a lawyer told a serviceman he should accept a small amount in recovery for an accident occurring on a bus because he could not recover the reasonable value of medical services rendered to him by the military service, it was an obvious and material misrepresentation of the law and the plaintiff was entitled to set aside the release which he gave defendant Greyhound Lines. The court stated that the representation by the lawyer to the serviceman that he could recover only for pain and suffering was a false statement of the law. In Plank et al. v. Summers, 1954, 203 Md. 552, 102 A.2d 262, 266, an action for injuries sustained by the plaintiffs who were military personnel, it was held that the jury should have been allowed to consider and award them the reasonable value of the hospital and medical services rendered to them without charge. The Court said:
"`It therefore appears that the majority of the cases hold that where hospital *459 and medical services are furnished gratuitously to the injured party, he can recover the value of those services from the tort feasor. This seems to be the modern rule. Here also it might well be considered that medical and hospital services supplied by the Government to these members of the United States Navy were part of the compensation to them for services rendered, and therefore that by their service in the Navy they had paid for these. If, by their services, the appellants paid for the medical and hospital expenses, certainly the value of these are proper items for the jury to consider in arriving at the amount of damages to be paid by the appellee.' "This principle was approved in the case of Hudson v. Lazarus, 1954, 95 U.S.App.D.C. 16, 217 F.2d 344. See also Rayfield v. Lawrence, 4 Cir., 1958, 253 F.2d 209 and cases and authorities cited therein. 68 A.L.R.2d 868.
"This Court is in agreement with the principles heretofore stated, and finds that the reasonable value of the medical services rendered by the government may be recoverable. The motion to strike is denied."
Restatement of the Law, Torts, Ch. 47, § 920, comment e, states:
"e. Benefits received from third persons. The rule stated in this Section does not apply where, although a benefit is received because of the harm, such benefit is the result of the forethought of the plaintiff or of a gift to him by a third person. The plaintiff is not barred from recovery merely because he suffers no net loss from the injury, as where he is insured or where friends make contributions to him because of the loss. If his things are tortiously destroyed, the insurance carrier is subrogated to his position. In other cases the damages which he is entitled to recover are not diminished by the fact that, either as a matter of a contract right or because of gifts, the transaction results in no loss to him. Where a person has been disabled and hence cannot work but derives an income during the period of disability from a contract of insurance or from a contract of employment which requires payment during such period, his income is not the result of earnings but of previous contractual arrangements made for his own benefit, not the tortfeasor's. Likewise, the damages for loss of earnings are not diminished by the fact that his employer or a third person makes gifts to him even though these have been given because of his incapacity. Further, he may be able to recover for the reasonable value of medical treatment or other services made necessary by the injury although these have been donated to him. * * *"
Affirmed.
SHANNON, C.J., and SMITH, J., concur.