155 So.2d 176 (1963)
Sara F. WHITE, Appellant,
v.
Wilma T. ACKER, Appellee.
No. D-440.
District Court of Appeal of Florida. First District.
July 16, 1963.
Isham W. Adams, Daytona Beach, for appellant.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
RAWLS, Judge.
Appellant-plaintiff, Sara F. White, brought this action against appellee-defendant, Wilma T. Acker, seeking compensation for personal injuries allegedly resulting from a rear-end automobile collision. Summary judgment was entered for plaintiff on the question of liability and the cause was tried by a jury on the question of damages. The jury returned a verdict in favor of plaintiff and assessed her damages in the amount of zero dollars. Plaintiff appeals from the judgment entered in accord with the verdict.
Plaintiff contends that she submitted uncontradicted evidence to the effect that she sustained some personal injury by reason of the collision, and, therefore, the trial court erred in failing to grant her a new trial. *177 A review of the conflicting evidence in this cause does not sustain plaintiff's position.
The mishap between the parties' cars occurred on March 27, 1961. Both cars had completely stopped for a red light, the defendant's car being situated immediately behind plaintiff's car. Upon the light changing to green, defendant's car (which was driven by her son) moved forward and contacted plaintiff's car. Of importance is the evidence pertaining to the severity of the contact made by the two cars, and as to this factor only the drivers testified. Plaintiff testified that: The Acker car "bumped" into her car; she felt her car "jerk"; she did not realize she had been struck until she looked into her rear view mirror; her body struck nothing inside the car; she did not sustain any cuts or bruises; the bumper of her car was "dented" in two places and the trunk was "dented in". Defendant's son described the marks on plaintiff's car as "dimples", "teeny dents" and dented. The jury viewed defendant's car which had not been repaired subsequent to the accident. One witness testified that plaintiff stated at the scene of the accident that she was not hurt but was "shook up" or "nervous". Consequently, abundant evidence was adduced from which the jury could properly find that the contact between the two cars was of such slight force, that no personal injuries were suffered by the plaintiff by reason of the accident.
Plaintiff insists that medical testimony adduced by her at the trial was not controverted, and, therefore, the jury had no alternative but to award damages to her. Her major premise is that the facts of the instant cause are encompassed within the principle of law that when uncontradicted testimony consists of facts, as distinguished from opinions, and is not illegal, improbable, unreasonable or contradictory within itself, it should not wholly be disregarded but should be accepted as proof of the issue.[1] The foregoing principle of law is well established in this jurisdiction and is a sound rule of law when properly applied. Considering the facts of this cause, it has no application here.
Plaintiff adduced factual evidence of her actual medical expenses and testified that a few days after the accident she complained of headaches and upon advice of a lawyer friend went to a doctor. The clinical evidence going toward impeachment of plaintiff's case was: Plaintiff's medical expert testified that she probably had degenerative arthritis in her neck prior to the accident; the doctor who had treated her for about ten months admitted that plaintiff gave him no history of previous headaches; plaintiff on direct examination stated that for five years prior to the accident, she had seen a doctor solely for dieting problems; however, on cross examination, she admitted that during this period she had seen four different doctors for headaches and backaches and that in 1957 a chiropractor had taken X-rays and made adjustments to her back; defendant's medical expert testified that after making a thorough examination of plaintiff that he was unable to find anything wrong with plaintiff which would explain the symptoms that she related. It is noteworthy that all the medical opinions were admittedly grounded upon the factual history and complaints as related by the plaintiff, and the plaintiff's testimony at the trial was of such a contradictory nature that the jury could have disbelieved her entire story.
Although the jury was confronted with an adjudication by the court on the question of liability and properly returned its verdict as to same, the right of the plaintiff to recover for medical expenses and personal injuries is necessarily dependent upon proof of the extent of the injuries which were proximately caused by the accident.[2] The jury seemingly relied upon the physical evidence, the impeaching testimony of plaintiff on cross examination, and *178 the testimony of defendant's witnesses, the substance of which contradicted the essential elements of plaintiff's case. The jury's function is to judge the credibility of the witnesses and conflicting evidence, and this it did. It is not the function of the court to substitute its judgment on evidentiary matters for that of the jury. As stated by Judge Allen, speaking for the Second District Court of Appeal in Andrews v. Cardosa:[3] "* * * The test is not what an Appellate Court would have decided had they tried the case, but whether or not they can say, after viewing the case, that the jury as reasonable men could not have found the verdict which they did. * * *"
The appellant concludes that the trial judge's statement in his order denying a new trial, "* * * It might be that the Court would not have returned the verdict which was rendered by the Jury, nevertheless, there is substantial, competent evidence sufficient to support and justify the Jury in the return of the verdict rendered." was an indication of the trial court's opinion that the verdict was not in accord with the manifest weight of the evidence and the substantial justice of the cause thereby imposing upon the trial court the duty of granting a new trial.[4] Not only is the above statement suppositional, but had it been stated in the positive it lacks the conclusiveness of statements made by trial judges which have formed the basis for reversals. For example: In Turner v. Frey[5] the trial judge remarked "* * * the physical facts and the corroborating testimony show that the matter could not have happened as was claimed by the plaintiff * * *" and in Seaboard Air Line Railway v. Anderson[6] "It seems to the court that it is most improbable, from the evidence, that the fire was caused by the defendant."
The Supreme Court in Cloud v. Fallis[7] resolved the differences in the application of the "substantial competent evidence" and the "manifest weight of the evidence" rules. These are:
"When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record * * *.
* * * * * *
"The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some `substantial competent evidence' supporting the verdict."
We conclude that the appellant failed in his burden of making error clearly appear. Although the quoted portion of the trial judge's order may insinuate that he applied the rule of "substantial competent evidence" rather than the rule of the "manifest weight of the evidence", the record neither bears out appellant's contention that the verdict was contrary to the manifest weight of the evidence and the justice of the cause nor is there any indication that the trial *179 judge thought so. Therefore, the appellate court must affirm the judgment there being substantial competent evidence to support the verdict.
Affirmed.
STURGIS, Chief Judge, and CARROLL, DONALD, J., concur.
NOTES
[1] Brannen v. State, 94 Fla. 656, 114 So. 429 (1927).
[2] Chomont v. Ward, 103 So.2d 635 (Fla. 1958).
[3] Andrews v. Cardosa, 97 So.2d 43 (Fla. App.2d, 1957).
[4] Turner v. Frey, 81 So.2d 721 (Fla. 1955).
[5] Ibid.
[6] Seaboard Air Line Ry. v. Anderson, 73 Fla. 1, 73 So. 837, 838 (1917).
[7] Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).