Raymond PARKER, Appellant,

v.

Loren WIDEMAN, Appellee.

No. 24140.

United States Court of Appeals
Fifth Circuit.

June 29, 1967.

Rehearing Denied Sept. 11, 1967.

John K. Lewis, Kelner & Lewis, Miami, Fla., for appellant.

James A. Dixon, Jr., Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

GEWIN, Circuit Judge.

This case presents the question of whether a jury verdict finding the appellee liable to the appellant for injuries sustained by the appellant as a proximate result of the appellee's negligence but assessing damages at "none" dollars can stand in the face of uncontroverted evidence of substantial physical injury incurred in the automobile collision which gave rise to this suit. We hold that it can not and remand the case for a determination of damages.

The appellant, Raymond Parker, brought suit against the appellee, Loren

Wideman, in the Florida state courts for personal injuries sustained as a result of the appellee's negligence. The suit was removed by the appellee to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1442 (1964). On this appeal the appellant Parker contends that the district court erred in denying his motion for a new trial submitted on the ground that the finding of no damage by the jury was against the manifest weight of the evidence.

At the time of the accident in question the appellee was a Deputy United States Marshal and was engaged in transporting federal prisoners. He was driving his own car in the execution of his official duties. The appellant was employed at the time as a traveling guard and was assisting the appellee in the performance of his duties. A head-on collision with another vehicle in appellee's left traffic lane occurred when the appellee attempted to pass a vehicle traveling in the same direction on a two-lane highway. It had been raining intermittently and at the time of the collision there was a heavy downpour. As a result of the collision the appellant suffered substantial injuries to his head and right knee and sustained abrasions and contusions to various parts of his body. Evidence adduced at trial tended to establish that the appellant received dental injuries, contusions and lacerations about his face, head and body, a fracture of the right orbital bone, cerebral concussion, abrasions and contusions of both knees, and an internal derangement of the right knee. Medical expenses in excess of $500.00 were proved. No evidence was introduced by the appellee tending to disprove the fact of injury. The appellee instead attempted to minimize the extent of the appellant's injuries, and contended that many of his ailments were psychological.[1] He further argues that evidence adduced by the appellant demonstrated that he had been more than compensated for the injuries sustained. Herein lies the crux of the controversy on this appeal.

During the course of the trial the appellant introduced a letter from the United States Department of Labor detailing sums of money he had received under the provisions of the Federal Employees Compensation Act for the injuries involved in this suit. The monies received exceeded twenty-five hundred dollars, a sum substantially greater than the appellant's out-of-pocket expenses. The appellee contends that the jury could have concluded that although his negligence was the proximate cause of the appellant's injuries, the appellant was adequately compensated for the injuries sustained. In addition, the appellee argues that the jury was entitled to discredit the medical testimony and conclude that the appellant had suffered no compensable injuries as a result of his negligence.

The difficulty with the appellee's first approach is that Florida[2] recog-

---

1. The appellee attempted to minimize the loss of income sustained by the appellant at trial, and makes frequent mention of the latter's retirement status and the disability which caused that retirement. Because we are remanding this case on the basis of the uncontroverted medical testimony of physical injury, we do not deem it necessary to belabor this opinion with a consideration of whether the failure to award compensation for loss of income was error. On retrial, of course, the parties will be free to establish or disprove any loss of income resulting from the accident.

2. Since this is a suit between two citizens of Florida which arose out of an accident which occurred in Louisiana, a possible choice of law problem is presented. Neither party has briefed the point to any great degree. The appellant argues that Louisiana law controls but cites us to no authority, while the appellee assumes that Florida law controls. The usual rule of lex loci delicti which would require the application of Louisiana law has been modified in Florida by the recent decision in Hopkins v. Lockheed Aircraft Corp., Fla., 201 So.2d 743 (Feb. 1, 1967). That decision abandoned the rule of lex loci delicti in favor of the more recent and more flexible "significant contacts" rule. Since this is a suit between two Floridians, it is arguable that under the Hop-

nizes the "collateral source rule" which permits an injured party to recover expenses against the tortfeasor incurred as a result of the tortfeasor's negligence even though the injured party is compensated for those expenses by a collateral source. See, e. g. Paradis v. Thomas, 150 So.2d 457 (Fla.App.2d 1963). The appellee seeks to avoid the effect of the rule by arguing that it only precludes the defendant from introducing evidence of compensation from a collateral source, and that by introducing the evidence himself, the appellant waived the rule. Thus, the appellee continues, the jury was entitled to mitigate the damages by the monies received from a collateral source, as would be the case in those states which do not recognize the "collateral source" rule. We can not agree.

■■■ The appellee's position would render the "collateral source" rule a mere rule of evidence which is waivable by the injured party. But the fact of the matter is that under Florida law the rule is a substantive rule of law which applies whether or not evidence of collateral compensation is introduced. See Finley P. Smith, Inc. v. Schectman, 132 So.2d 460 (Fla.App.2d 1961); Annot., 68 A.L.R.2d 876 (1959); Restatement of Torts, § 920, comment e, at 620. Thus, while the tender of such evidence by the defendant may be excluded on objection by the plaintiff, the introduction of such evidence by the plaintiff does not bar him from recovering expenses necessitated by the tort-feasor's negligence, even though the expenses were met by monies received from a collateral source. See Burke v. Byrd, 188 F.Supp. 384 (N.D.Fla.1960). Under Florida law an injured party is entitled to be compensated for the expenses incurred and the damages inflicted as a result of the negligence of a tortfeasor irrespective of whether he receives compensation from another source as a gratuitous benefit. Paradis v. Thomas, supra. Therefore, we conclude that the compensation received by the appellant under the Federal Employees Compensation Act does not mitigate the damages which the appellee is obligated to pay for injuries sustained by the appellant as the result of his negligence. To the extent that the verdict represents the jury's conclusion that the appellant had been adequately compensated by a collateral source, it is the result of an improper consideration by the jury and can not stand.

■■■ The appellee also argues that the issue of damages was a factual determination for the jury and it was entitled to disregard the medical testimony adduced by the appellant in assessing damages. In support of his contention he refers us to several Florida decisions which upheld jury verdicts which awarded no damages. We find the cases factually distinguishable and inapposite. Although it is undoubtedly true that the plaintiff must establish to the satisfaction of the jury the elements of his cause of action, including the extent to which he was damaged, and while the jury is the final arbiter of any factual controversy, a jury must base its verdict upon the evidence adduced at trial. Where, as in the instant case, there was uncontroverted and unimpeached testimony that the appellant sustained substantial injuries as a result of the accident, and no evidence was adduced which would support the jury's finding that the appellant sustained no damages, the verdict can not stand. See, e. g., Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376 (1941).

■■■ The cases relied on by the appellee do not dictate a different conclu-

---

kins decision Florida law does control. A study of the law of both jurisdictions, however, leaves us with the firm conviction that as to the issues here involved no real conflict of law exists. See Fullilove v. United States Cas. Co., 129 So.2d 816, 832 (La.App.1961); Art. 1972, La. Code of Civ.Proc. (1961).

Rather than deciding a difficult issue of state law in an area which is still in its formative stage, and because we are convinced that no real conflict exists, we assume, without so deciding, that Hopkins, supra, requires the application of Florida law, and will dispose of this case pursuant to the law of Florida.

sion. In Morin v. Halpern, 139 So.2d 495 (Fla.App.2d 1962) a verdict of no damages was sustained on the basis of conflicting evidence introduced at trial as to whether the plaintiff's injury was proximately caused by the defendant's negligence. A similar situation existed in White v. Acker, 155 So.2d 176 (Fla. App. 1st 1963).[3] In Shaw v. Puleo, 159 So.2d 641 (Fla.1964) there was abundant lay testimony which indicated that the plaintiff was not suffering from a whiplash injury which contradicted the testimony of the plaintiff's expert witness. In addition, evidence was adduced which tended to establish that any disability of the plaintiff was the result of causes other than the accident there in question. See Puleo v. Shaw, 149 So.2d 880, 882 (Fla.App.1st 1963). Accordingly, the Supreme Court of Florida concluded that the jury verdict assessing no damages was supported by the evidence. The court concluded that the jury could accept or reject the expert testimony where there was lay testimony to the contrary concerning a matter which is within common knowledge or observation. 159 So.2d at 645. It would therefore appear that a zero verdict in Florida may be sustained only where there is conflicting evidence as to whether the plaintiff was in fact injured, or that his injury proximately resulted from the defendant's negligence. Absent such conflicting evidence, the rule in Florida, as in most states, is that a jury may not disregard uncontroverted and unimpeached evidence. Brannen v. State, 94 Fla. 656, 114 So. 429 (1927); Grant v. Williams, 190 So.2d 23 (Fla.App.2d 1966).

In the case at bar, the medical testimony produced by the appellant was not seriously challenged insofar as it tended to establish that the appellant suffered substantial injuries as a proximate result of the accident in question. While there is some question as to the extent of the injuries sustained, and the amount of compensation due, the fact of injury is conclusively established. Thus, the verdict lacks any support in the record and can not stand. New Orleans & N. E. Ry. v. Hewett Oil Co., 341 F.2d 406 (5 Cir. 1965); Reisberg v. Walters, 111 F.2d 595 (6 Cir. 1940); Martin v. Payton, 20 F.R.D. 200 (W.D.Ky.1957). Compare, Tampa Electric Co. v. Ferguson, 96 Fla. 375, 118 So. 211 (1958).

Since this case must be remanded, we are faced with the question of whether to remand for a new trial as to all the issues or only for an assessment of damages. On this appeal the only question presented relates solely to the issue of damages. The appellee has not contested the findings of negligence and proximate cause, and we do not think he could logically do so. Those matters were properly submitted to the jury and its determination of the factual controversy as to liability is adequately supported by the evidence. Hence, we conclude that the interests of justice are best served by vacating the judgment of the district court only as it relates to damages and remanding the cause solely for a trial as to damages. We therefore vacate that portion of the judgment awarding the appellant "no dollars" damages, and remand for a trial solely on the issue of damages.

Vacated in part and remanded.

3. The appellee also refers us to Raffel v. Magarian, 165 So.2d 249 (Fla.App.3d 1964) in support of its position. In that case a summary judgment had been awarded to the plaintiff as to liability, and a trial as to damages resulted in a verdict of no damages. The Court, in upholding the verdict, relied on White v. Acker, supra, and Shaw v. Puleo, infra. In the *White* case, the court there rejected the plaintiff's contention that there was uncontradicted evidence that her injuries resulted from the collision in question. It found the evidence to be conflicting and concluded that it did not support the plaintiff's position. As indicated in the body of the opinion, *Shaw* also involved conflicting evidence. We therefore believe that the decision in *Raffel* is at best equivocal and does not require a different result than the one we reach.