### DADE COUNTY v. DESSER & GARFIELD, Inc., et al.
No. 67-8035.

Civil Court of Record, Dade County.

March 27, 1968.

Thomas C. Britton, County Attorney for the plaintiff.

Moore & Moore, Miami, for the defendant United Bonding Insurance Co.

LELAND B. FEATHERSTONE, Judge.

*Summary final judgment:* This cause is before the court on Dade County's motion for summary judgment together with its

attached affidavit in support of such motion. Default was duly entered against the defendant, Desser & Garfield, Inc. In consideration of the pleadings filed and the said affidavit, and the court having duly heard the parties, the court finds that there is no genuine issue as to any material fact and that plaintiff is entitled to a judgment as a matter of law against the defendants in the total amount of $3,989.14, in accordance with the motion.

The defendant bonding company has questioned the inclusion of an amount based upon cost accounting records maintained by the county reflecting the actual cost and expense to Dade County for design and clerical expense in preparing the contract and contract specifications and awarding the contract for the completion of subdivision improvements undertaken by the defendant principal and secured by the surety bond upon which this action is based. The defendant has also questioned the inclusion of litigation expenses based upon the same cost accounting computation for the services performed by the county's full time legal staff in this action. In both instances, defendant concedes that the amounts are reasonable and that if paid to third parties for such services would be recoverable. Defendant argues that they are not recoverable because they represent the time of salaried county personnel in, respectively, the public works department and the law department.

The bond provides —

". . . the Principal and the Surety shall be jointly and severally liable hereunder to pay to and indemnify the County upon completion of such construction and maintenance of the *final total cost* to the County thereof, including, but not limited to, engineering, legal and contingent cost and expenses, even though this may exceed the penal sum hereinabove stipulated, together with any damages, either direct or consequential, which the County may sustain on account of the failure of the Principal to carry out and execute all the provisions of said agreement." (Italics added.)

§627.0127, Florida Statutes, provides for the assessment against an insuror of "a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." §627.0905, Florida Statutes, provides that such provisions shall be applicable in an action on a surety bond and further provides that such award shall not be less than $100 nor more than 12½ per cent of the amount awarded by the judgment.

The precise point does not appear to have been resolved in Florida, although the adoption of the "collateral source rule" in Florida as reflected in Paradis v. Thomas, Fla.App. 1963, 150 So.2d 457, 458, would seem to support plaintiff's claim. A case in point is Pittsburgh Plate Glass, Co. v. Fidelity and Casualty Company of New York, U.S.C.A. 3rd Cir. 1960, 281 F.2d 538, 542, where the court in a well reasoned opinion concluded —

> "There is no reason in law or in equity why the insuror should benefit from Pittsburgh's choice to proceed with some of the work through its own legal department."

Recovery was permitted by Pittsburgh of the cost of its legal department's staff on a cost accounting approach. The court adopts the reasoning and conclusion of the Third Circuit.

The court being duly advised in the premises, it is ordered and adjudged that the plaintiff do have and recover of and from the defendants Desser & Garfield, Inc., a Delaware corporation, as principal, and United Bonding Insurance Company, an Indiana corporation, as surety, the sum of $3,989.14, for which let execution issue. In view of the provisions of §56.051, Florida Statutes, the sheriff is directed to take this money out of the property of the principal, unless they be insolvent or have no property, in which case the execution shall proceed against the property of the surety.