PER CURIAM.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish as revisions and additions to the Florida Standard Jury Instructions (Civil) the following: (1) a revision to the title of instruction 6.13 to reflect that this instruction applies only to causes of action accruing prior to October 1,1993; and (2) a revision to the notes on use of this jury instruction.
The Committee offers these revisions in response to the legislature’s repeal of section 627.7372, Florida Statutes (1987), for causes of action accruing on or after October 1, 1993. Ch. 93-245, § 3, Laws of Fla. The revisions received Committee approval after consideration at meetings which occurred on February 28 and March 1, 1997, and the Committee submitted the proposed revisions to the Court for its consideration, noting that they only involved revisions to a title and the notes on use to the instructions. The revisions are appended to this opinion; new language is indicated by underscoring, and deletions are indicated by struck-through type.
We authorize the publication and revision of the title to instruction 6.13 and the notes on use. In doing so we express no opinion on the correctness of these instructions or verdict form and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions or verdict forms nor contesting the legal correctness of the instructions. The revised instruction is appended to this opinion and will be effective on the date this opinion is filed.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
6.13

COLLATERAL SOURCE RULE FOR CAUSES OF ACTION ACCRUING BEFORE OCTOBER 1, 1993

a. Tort actions generally:

You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits (specify)] which the evidence shows'(claimant) received from his [employer] [insurance company] [or some other source]. The court will reduce as necessary the amount of compensation to which (claimant) is entitled on account of any such payments.

b. Actions arising out of ownership, operation, use or maintenance of a motor vehicle:

In this case, you should reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [disability benefits] [medical insurance benefits] [or other benefits (specify)] which the evidence shows (claimant) received from his [employer] [insurance company] [or some other source].
NOTES ON USE
1. If improper evidence of collateral benefits is inadvertently admitted or if, in the circumstances of the case, the payment of collateral benefits is inferred, 6.13a, the conventional collateral source charge, should be given immediately following mention in the charge of the particular element of damage to which the collateral source charge is properly applicable. See Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963); Greyhound Corp. v. Ford, 157 So.2d 427 (Fla. 2d DCA 1963). See § 768.76, F.S. (1986 Supp.), concerning particular collateral source deductions by the court.
2. 6.13b not 6.13a should be given in all easesTinv-olving-actions for.personal injury or wrongful death accruing before October 1, 1993, arising out of the ownership, operation, use or maintenance of a motor vehicle. 6.13b is derived from § 627.7372, F.S. (1987), which was repealed for causes of action accruing on or after October 1, 1993. Ch. 93-245, § 3, Laws of Fla. Tfae-That statute specifiesspeci-fied which benefits are defined as collateral *379 sources and which are specifically excluded from the definition. In all other casesactions accruing on or after October 1, 1993, reduction for collateral source payments should be made by the court, not the jury, pursuant to § 768.76, F.S. (1986 Supp.), and 6.13a.