329 So.2d 44 (1976)
Lester WALKER, Appellant (Counterplaintiff),
v.
Donald HILLIARD, D/B/a Trenton Farm Equipment, Appellee (Counterdefendant).
No. Y-146.
District Court of Appeal of Florida, First District.
March 23, 1976.
*45 Jerry M. Blair of Airth, Sellers, Lewis, Cherry & Blair, Live Oak, for appellant.
John F. Roscow, III, and William D. Pridgeon of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon & Langdon, Gainsville, for appellee.
MILLS, Judge.
Hilliard sold Walker a used tractor. The tractor was damaged by a flood and Walker returned it to Hilliard for repairs. While in Hilliard's possession, it was determined that the tractor was stolen. The rightful owner claimed it. The insurance company of Walker paid him for the damage to the tractor. Walker sued Hilliard for breach of warranty of title. The trial court awarded damages to Walker, but reduced the damages by the amount of the insurance proceeds paid to Walker.
Walker appeals from the final judgment entered by the trial court. He contends that the trial court erred in reducing the damages awarded to him in his contract action by the amount of insurance proceeds paid to him. We agree.
In tort actions, it is well settled that the recovery of damages by the owner of property from the party who damaged the property may not be reduced by the amount of insurance proceeds received by the owner from his insurance company. 81 A.L.R. 320. Although the courts are somewhat divided on whether this rule applies in contract actions (81 A.L.R. 320), we are of the opinion that it should be applied. To hold otherwise would permit a wrongdoer to benefit from a policy of insurance when there is no privity between him and the insurance company, and the policy was written for the benefit of the insured, not for the wrongdoer. If there must be a windfall, it is more just that the injured party profit, rather than the wrongdoer be relieved of full responsibility for his wrongdoing.
In Allstate Mortgage Corporation v. Alpha Motors, Inc., 294 So.2d 100 (Fla.App. 3rd, 1974), a mortgage foreclosure action, the court stated that the receipt of insurance money by a lessor for loss of its leased personal property by fire would not reduce the lessee's obligation under the lease.
Reversed and remanded for further proceedings consistent with this opinion.
BOYER, C.J., and SACK, MARTIN, Associate Judge, concur.