349 So.2d 672 (1977)
Violet JANES, As the Personal Representative and Administratrix of the Estate of Julia McFarland, Deceased, Appellant,
v.
BAPTIST HOSPITAL OF MIAMI, INC., and Travelers Insurance Company, Appellees.
No. 76-1563.
District Court of Appeal of Florida, Third District.
August 9, 1977.
Rehearing Denied September 13, 1977.
*673 Mark J. Feldman, Miami, for appellant.
Adams, George, Schulte & Ward and Amy Shields Levine, Miami, for appellees.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This an appeal by the plaintiff, Violet Janes, as personal representative and administratrix of the estate of Julia McFarland, deceased, from an order denying motion for new trial, in an action for negligence against Baptist Hospital of Miami, Inc., and Travelers Insurance Company, its insurer. A jury trial was held. The jury rendered a verdict in favor of the plaintiff in the amount of $1,500.00, judgment was entered thereon, plaintiff's motion for new trial was denied and this appeal ensued. Plaintiff contends that the trial court erred in refusing to admit into evidence certain hospital and doctor bills for services rendered to the deceased, for the reason that they had been paid, in substantial portion, by the deceased's Medicare. We agree and reverse.
Florida follows the collateral source rule which stands for the proposition that total or partial compensation received by the injured party from a collateral source wholly independent of the wrongdoer will not operate to lessen the damages recoverable from the person causing the injury. See Finley P. Smith, Inc. v. Schectman, 132 So.2d 460 (Fla.2d DCA 1961); Paradis v. Thomas, 150 So.2d 457 (Fla.2d DCA 1963); Greyhound Corporation v. Ford, 157 So.2d 427 (Fla.2d DCA 1963); Walker v. Hilliard, 329 So.2d 44 (Fla.1st DCA 1976).
As stated in Walker v. Hilliard, supra, it is well settled that recovery of damages from a tort feasor may not be reduced by the amount of insurance proceeds received by the injured party from his insurance company; a wrongdoer should not be permitted to benefit from a policy of insurance where there is no privity between him and the plaintiff's insurer, and the policy was written for the benefit of the insured and not the wrongdoer; if there must be a windfall, it is more just that the injured party profit, rather than the wrongdoer be relieved of full responsibility for his wrongdoing. The value of services rendered the injured party are a proper element of damages even though they were paid for by a collateral source. Paradis v. Thomas, supra.
Based on the foregoing, we hold that the court erred in refusing to admit the bills into evidence so that the jury could take them into consideration in making a determination of plaintiff's damages. This does not, in any way, affect the entitlement of the collateral source, in this case Medicare, to recover such sums paid to, or on behalf of the plaintiff either by way of lien, intervention or otherwise.
In light of the reversal on the foregoing point, the other point on appeal will not be discussed in this opinion.
Reversed and remanded for a new trial.