HENDRY, Judge.
Appellants/defendants appeal from a final judgment rendered pursuant to a jury verdict in favor of appellees/plaintiffs. Appellees cross-appeal from that same final judgment. As modified, we affirm.
Briefly stated, the facts reveal that ap-pellees’ hotel was damaged when appellants negligently excavated the adjacent property in such a manner so as to partially undermine appellees’ structure. This negligent excavation resulted in cracks in the walls of the hotel. Additionally, during the *270 construction of the adjacent apartment building, certain building materials (planks) and debris fell on the roof of the hotel causing damage thereto. Appellees sought redress through the courts and were rewarded by a jury in the amount of twenty-two Thousand ($22,000) Dollars. From a final judgment incorporating the jury's award, this appeal and cross-appeal has been taken.
Appellants raise three points on appeal. The first and second point on appeal claims that the trial judge erred in admitting into evidence (1) a bill reflecting the replacement cost of a roof for appellees’ hotel and (2) a certain document purporting to show lost business profits sustained by appellees during the time that appellants were constructing their building on the adjacent property. It is our opinion, however, that no reversible error has been demonstrated. Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936); Garrett v. Morris Kirschman and Co., Inc., 336 So.2d 566 (Fla.1976); Conner v. Atlas Aircraft Corporation, 310 So.2d 352 (Fla. 3d DCA 1975); Reliable Services, Inc. v. Taft, 247 So.2d 97 (Fla. 3d DCA 1971).
Appellants’ third point on appeal claims that the trial judge should have reduced the judgment by the amount of Three Thousand, Five Hundred ($3,500) Dollars. Said amount represents a settlement entered into by appellees and Reed Construction Company (not a party to this suit) for damages to appellees’ hotel allegedly occurring while Reed was performing work on the adjacent apartment building.
Pursuant to Section 768.041(2), Florida Statutes (1977), which provides as follows:
“At trial if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.”
it is our opinion that appellants’ contention has merit. Accordingly, the judgment is reduced by the above amount paid by Reed Construction Company to appellants in return for appellants’ execution of a covenant not to sue.
Appellees’ cross-appeal is addressed to the trial judge’s direction of a verdict for appellants on the issue of punitive damages. A careful review of the record supports the trial judge’s ruling that, as a matter of law, there was no basis for a recovery based upon punitive damages. Tuel v. Hertz Corporation, 296 So.2d 597 (Fla. 3d DCA 1974); De Witt v. Seaboard Coast Line Railroad Company, 268 So.2d 177 (Fla. 2d DCA 1972); see also Singer v. I. A. Durbin, Inc., 348 So.2d 370 (Fla. 3d DCA 1977) and Carter v. Lake Wales Hospital Association, 213 So.2d 898 (Fla. 2d DCA 1968).
Therefore, the final judgment appealed from is affirmed, as modified.
Affirmed as modified.