361 So.2d 749 (1978)
William J. HARTNETT, Appellant,
v.
Ysaura RIVERON, As Administratrix of the Estate of Armando T. Riveron, Deceased, Appellee.
No. 77-1160.
District Court of Appeal of Florida, Third District.
June 27, 1978.
Rehearing Denied September 6, 1978.
*750 Ritter & Ritter and John A. Ritter, Coral Gables, for appellant.
Rash & Katzen and H. Stephen Rash, South Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is a fraud action brought by the administratrix of the estate of a deceased insured against an officer and director of the insured's insolvent insurance carrier centering around the carrier's non-payment of a fire loss claim. After a default was entered against the defendant, the cause was tried by a jury on damages only resulting in a money judgment in favor of the insured's administratrix. The defendant appeals.
The central question presented by this appeal involves an application of Florida's collateral source rule. This question, briefly stated, is whether at the trial of an action for fraud brought by an insured against an officer or director of the insured's insolvent insurance carrier, which fraudulent conduct allegedly resulted in non-payment of the insured's valid insurance claim, the collateral source rule bars the admission of evidence that the carrier's representative [The Florida Insurance Guaranty Association "FIGA"] paid the insured's claim off in full under Chapter 631.50, Florida Statutes (1977), after the carrier *751 herein went insolvent. We hold that such evidence is not so barred by the collateral source rule and is admissible at trial on the issue of damages in the above-stated action. Accordingly, we reverse and remand for a new trial.
The facts of the case relevant to this issue are undisputed. The plaintiff Ysaura Riveron, as administratrix of the estate of Armando T. Riveron, the deceased insured, brought an action sounding in fraud against William J. Hartnett as officer and director of the Southern American Fire Insurance Company. The complaint alleged that Armando T. Riveron was the insured under a fire insurance policy issued by the Southern American Fire Insurance Company, that a fire occurred at the insured's residence which resulted in his death, that the plaintiff as the widow of the insured and administratrix of the insured's estate negotiated a settlement with the Southern American Fire Insurance Company for fire damages sustained to the insured's residence in the amount of $10,298.70, that what purports to be a check in that amount was issued by the said carrier to the plaintiff which instrument was repeatedly returned by many banks throughout Dade County as not collectible as a cash item, that thereafter the defendant Hartnett as officer and director of said carrier did assure the plaintiff through false misrepresentation that the above instrument was valid although in fact it was not, that the defendant Hartnett also used other delaying and stalling tactics to prevent payment on the fire loss claim, that all of these misrepresentations were made in an effort to conceal the financial difficulty that the carrier was then in, and that such misrepresentations were known to be false by the defendant Hartnett at the time they were made or were uttered without regard to their truth or falsity. The plaintiff sought compensatory and punitive damages based on the carrier's non-payment of the fire loss claim.
Although the defendant Hartnett filed an answer and counterclaim (later dismissed), a default judgment was subsequently entered against him on the issue of liability for failure to comply with certain discovery orders. The default judgment has not been questioned by, and is not a subject of this appeal. The trial court set the case for a jury trial on damages only.
At trial, the defendant Hartnett appeared through counsel and attempted to offer in evidence that subsequent to Southern American Fire Insurance Company going insolvent, the Florida Insurance Guaranty Association [FIGA] under Chapter 631.50, Florida Statutes (1977), paid off the fire loss claim herein by issuing the plaintiff a valid check in the amount of $10,000 and thereafter received a complete release from the plaintiff in full satisfaction of the fire loss claim. The plaintiff acknowledged the truth of the above facts, but objected to the admission of such evidence on the ground that it was barred by the collateral source rule. The trial court sustained this objection and ruled the evidence inadmissible.
The jury returned a verdict in favor of the plaintiff in the amount of $14,150 in compensatory damages and $15,000 in punitive damages. The trial court rendered a judgment thereon plus interest.[1] This appeal follows.
It is the established law of this state that in a tort or contract action total or partial compensation received by the plaintiff injured party from a collateral source wholly independent of the defendant wrongdoer will not operate to lessen the damages otherwise due to the plaintiff from the defendant wrongdoer. This is known as the collateral source rule. Janes v. Baptist Hospital of Miami, Inc., 349 So.2d 672 (Fla.3d DCA 1977); Walker v. Hilliard, 329 So.2d 44 (Fla.1st DCA 1976); Paradis v. Thomas, 150 So.2d 457 (Fla.2d DCA 1963).
*752 In our judgment, however, the above rule is inapplicable in this case because the plaintiff's receipt of $10,000 in full payment of the fire loss claim herein cannot be considered as compensation from a collateral source wholly independent of the defendant Hartnett. "[T]he funds derived from the [Florida Insurance] Guaranty Association to pay insolvent claims come from assessment of solvent insurers or from claims paid to the association by receivers of insolvent insurers." O'Malley v. Florida Insurance Guaranty Ass'n, 257 So.2d 9, 12 (Fla. 1971). Under Sections 631.50, 631.55, 631.57(3)(a), Florida Statutes (1977), the Southern American Fire Insurance Company was a member of the Florida Insurance Guaranty Association along with all other insurance carriers in Florida and contributed its pro-rata share of funds to such association to pay for claims, such as the plaintiff's, when and if a carrier becomes insolvent. As such, FIGA cannot be considered a source wholly independent of Southern American Fire Insurance Company or its officers and directors.
It is urged that the insured herein and the insured public in general paid for the FIGA fund through their insurance premiums. We cannot agree with this contention because there is no legal obligation imposed on the insured to fund FIGA under Chapter 631.50, Florida Statutes (1977). That obligation under the statute rests squarely with the insurance carriers of Florida. Although it may be true that this cost is ultimately passed on to the insured public through the payment of higher premiums, that is true of almost every cost of the insurance industry and can therefore form no basis for our decision herein.
Finally, we are persuaded that it would be grossly inequitable for an insured to collect compensatory and punitive damages against an insurance company's officer or director for fraud in allegedly defeating such insured's valid insurance claim when in fact the insured has collected in full on such claim from the carrier's representative FIGA. All agree that if the carrier herein had eventually paid off the fire loss claim, the plaintiff would have suffered no damages from the defendant Hartnett's conduct. We fail to see how the result should be any different when the carrier's representative FIGA pays off the same claim in the carrier's stead. The collateral source rule can have no application here because the insured has in fact suffered no compensable damages.
In view of the court's disposition of this cause, it is unnecessary to address any of the other issues raised in this appeal. The judgment appealed from is reversed and the cause remanded to the trial court for a new trial. At such trial, if the above facts as detailed in this opinion are established without contradiction, the defendant Hartnett would be entitled to a directed verdict of zero damages.
Reversed and remanded.
NOTES
[1] Although it is unnecessary to reach in this case, we note by way of dicta that the imposition of interest by the trial court on this verdict was unauthorized. Bryan & Sons Corp. v. Klefstad, 265 So.2d 382 (Fla.4th DCA 1972); Vacation Prizes, Inc. v. City National Bank of Miami Beach, 227 So.2d 352 (Fla.2d DCA 1969); 9A Fla.Jur. "Damages" § 88 (1972).