PER CURIAM.
Sarah Brown appeals the entry of summary judgment against her decedent’s claim for contractual death benefits, alleging that the lower court erred in finding that her recovery under the Jones Act precluded other workmen’s compensation benefits. We affirm.
Appellee Glabvo employed appellant’s decedent, Bobie Brown, as a seaman under an employment contract providing “ARTICLE XII — The employer shall furnish workmen’s compensation insurance benefits . . .” Apparently in compliance with this contractual provision, Glabvo procured an insurance policy for the project with Fidelity & Casualty Company of New York, providing for voluntary workmen’s compensation coverage in compliance with laws of the state of Louisiana, and coverage for any liability to maritime crew members. Brown was killed while working off the coast of Saudi Arabia.
Appellant subsequently recovered $204,-000.00 in an action brought under the Jones Act, Death on the High Seas Act, and General Maritime Law of the United States. Appellant then filed this action to obtain payment of workmen’s compensation benefits due under the voluntary compliance with Louisiana law.
The contract requires the employer to furnish workmen’s compensation insurance benefits. Workmen’s compensation is the name commonly used to designate the methods and means created by statute for giving greater protection and security to the workman. United Airlines Transport Corp. v. Industrial Commission, 107 Utah 52, 151 P.2d 591, 594 (1944). That appellee provided insurance benefits to cover claims under workmen’s compensation laws is undisputed. Appellant in fact recovered workmen’s compensation benefits under federal legislation providing for benefits to seamen. No breach of the employment contract is presented by the evidence below.
We note that the prior federal cause of action did not bar a subsequent action based on state compensation law, should any apply. The federal and state action, based on separate legislative enactments, would each be a distinct cause of action. See Cole v. First Development Corp. of America, 339 So.2d 1130 (Fla. 2d DCA 1976). A plaintiff probably could join federal and state compensation actions if he was uncertain which applied. See 32 Am. Jur.2d Federal Employers’ Liability, etc., § 67 (1967). However, those remedies are usually exclusive by their terms; the election depends on whether federal jurisdiction attaches. Florida does not permit workmen’s compensation when recovery is possible under the Jones Act. Section 440.09(2), Florida Statutes (1979). Likewise, Louisiana excludes compensation for crew members in foreign commerce. La.Rev.Stat. Ann. § 23:1037 (West).
Below, appellant has shown no breach of the employment contract by ap-pellee, nor any additional cause of action on which recovery could be made. No justicia-ble issues of material fact remain, and the summary judgment was properly granted.
AFFIRMED.
HOBSON, Acting C. J., and OTT and RYDER, JJ., concur.