433 So.2d 1023 (1983)
ROBERT E. OWEN & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Joseph GYONGYOSI and Eva Gyongyosi d/b/a Meadowbrook Mobile Home Park, Appellees.
No. 82-356.
District Court of Appeal of Florida, Fourth District.
June 15, 1983.
Rehearing Denied July 20, 1983.
Pruitt & Pruitt, West Palm Beach, and Larry Klein, West Palm Beach, for appellant.
*1024 Herbert L. Gildan of Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, for appellees.
PER CURIAM.
Robert E. Owen & Associates, Inc., appeals from a final judgment entered in favor of Joseph and Eva Gyongyosi for $96,222.62. Mr. and Mrs. Gyongyosi cross appeal the trial court's reduction of the judgment by $50,000.
The evidence reflects that Owen and Southeastern Home Mortgage Company entered into a contract whereby Owen was to provide, among other things, periodic inspections on a sewer project being constructed on Southeastern's property and certify completion of the project to appropriate authorities. Owen, an engineering firm, was employed to insure the adequacy of the sewer line construction. The contractor constructed the system, covered and paved it, and Owen certified that it was completed. The evidence showed, however, that Owen never properly checked the system prior to its being covered and paved. In actuality, the system was improperly built without sufficient gravity allowances and would not pass governmental inspection. About the time the system was completed, Southeastern contracted to sell the property to the appellees, the Gyongyosis. In settlement of the controversy that arose between Southeastern and the Gyongyosis, Southeastern conveyed the real property, assigned its contract with Owen, paid Gyongyosi $50,000, and obtained a release. The assignment provided in pertinent part:
WHEREAS, Assignor [Southeastern] has agreed to settle Assignees' [Gyongyosis] claim based on the construction of the sewer system in Meadowbrook Mobile Home Park by the payment of the sum of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00) and the assignment of the Assignor's interest in the contract attached as Exhibit A; and
WHEREAS, Assignees desire to settle their claim against Assignor by the acceptance of the sum of FIFTY THOUSAND AND NO/100 ($50,000.00) and an assignment of the Assignor's rights in the contract attached as Exhibit A,
NOW, THEREFORE, in consideration of the premises, and in consideration of the Assignees' execution of a Release simultaneously with the execution of this document, the respective receipt of said release being hereby acknowledged, the Assignor hereby assigns all rights and interests which they might have in their contract of April 17, 1979 with Robert E. Owen and Associates, Inc. for the periodic inspection of construction, process contractor payment requests, provision of "As-Built" drawings and certification of project completion as set out in Exhibit A to this Agreement to the Assignees.
The Gyongyosis then sued Owen for damages they incurred in rectifying the defective sewer system. The trial court found Gyongyosis' damages were $146,222.62 and awarded them a judgment for said sum less a set-off of the $50,000 that Southeastern paid to the Gyongyosis. From that judgment Owen has perfected this appeal and the Gyongyosis have cross-appealed the set-off. We affirm the judgment in favor of the Gyongyosis, but reverse the set-off.
The record contains substantial competent evidence to support the trial judge's finding that Owen is liable for the Gyongyosis' cost to repair the system. However, the more troublesome question involves the allowance of a set-off for the money that Southeastern paid to the Gyongyosis.
Owen contends that the set-off was appropriate under Section 768.041(2), Florida Statutes (1979). He points to the fact that, in the case at bar, Southeastern sold the park to the Gyongyosis with a defective sewer system. Upon discovery, Southeastern paid the Gyongyosis $50,000 and gave them an assignment of the claim against Owen in exchange for a release. This situation, Owen argues, is precisely the one contemplated by the statute. Finally, Owen relies upon Port Royale Apartments v. Delnick, 358 So.2d 269 (Fla. 3d DCA 1978), as a similar case supporting its contentions.
*1025 The Gyongyosis suggest that Owen's reliance upon the statute and the Port Royale case is misplaced as the statute is inapplicable here because we are not dealing with joint tortfeasors. As the court said in Ellingson v. Willis, 170 2d 311 (Fla. 1st DCA 1964):
[T]he purpose and intent of the legislature in enacting the statute was to allow one tortfeasor to have the benefit of payment made by any other party who might be jointly liable.  170 So.2d 311, at 316.
See also Devlin v. McMannis, 231 So.2d 194 (Fla. 1970). The Gyongyosis further point out that the contract giving rise to their claim against Owen is not the same contract that gave rise to their claim against Southeastern, which was settled for $50,000. The former was a contract between Owen and Southeastern to supervise the building of the sewer line, which resulted in a claim for negligence against Owen; while the latter was a contract between the Gyongyosis and Southeastern to sell the park and facilities. Owen and Southeastern were not joint tortfeasors and, thus the provisions of Chapter 768 are not relevant to these claims. Furthermore, the Port Royale case, which allowed a set-off of the amount paid by a contractor to the plaintiff in a subsequent suit by the plaintiff against the owner of the property, dealt with joint tortfeasors, the negligent contractor and the owner.
Absent the foregoing statute as authority for the set-off, the question presents itself whether a wrongdoer, such as Owen in this situation, can claim the benefit of a payment on account of the injury in question from a collateral source. The law appears well settled in Florida that a tortfeasor may not avail himself of payments from collateral sources such as insurance policies owned by the plaintiff or third parties, employment benefits, or social legislation benefits. Janes v. Baptist Hospital of Miami, Inc., 349 So.2d 672 (Fla. 3d DCA 1977), cert. den. 355 So.2d 512 (Fla. 1978); Walker v. Hilliard, 329 So.2d 44 (Fla. 1st DCA 1976); Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963). The American Law Institute has also adopted this rule in Restatement (Second) of Torts, § 920A, which provides:
(1) A payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability.
(2) Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.
Accordingly, for the foregoing reasons the judgment appealed from is reversed and the cause is remanded with directions to enter judgment for the Gyongyosis for $146,222.62.
REVERSED AND REMANDED, with directions.
DOWNEY and WALDEN, JJ., concur.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting in part.
I concur in the result reached by the majority except as to the ruling on the set-off. I dissent as to the reversal of the set-off amount.