470 So.2d 817 (1985)
Bert T. BANGERT and Janet T. Bangert, Appellants,
v.
Byron D. BEELER and Beeler Development Company, Appellees.
No. AY-165.
District Court of Appeal of Florida, First District.
June 12, 1985.
*818 James D. Easley of Moore & Moore, P.A., Niceville, for appellants.
Michael T. Webster of Webster & Colpitts, P.A., Shalimar, for appellees.
MILLS, Judge.
The Bangerts appeal from a final judgment in a third-party claim alleging fraud and breach of warranties, and in a third-party counterclaim for mortgage foreclosure. The trial court erred in finding the Bangerts were not damaged as a result of the third-party defendants' breach of warranty to defend title. We reverse on this issue. We affirm the other issues.
Beeler Development Company (BDC) conveyed property to the Bangerts by warranty deed. The Bangerts and Ridgeway, a man involved with the sale of the property, were later sued by McMullen for specific performance of a contract between Ridgeway and McMullen for sale of the property to McMullen.
That original suit spawned a third-party claim by the Bangerts against BDC and its president, Beeler, which in turn precipitated a third-party counterclaim by Beeler for foreclosure of the Bangerts' mortgage held by him.
The Bangerts contended BDC and Beeler breached the warranty to defend title by not defending them in the original suit. The trial court found that Beeler or BDC or both breached the warranty, but that the Bangerts did not incur damages. The later finding was apparently based on testimony that the Bangerts' title insuror paid the attorney's fees for their defense. The trial court awarded one dollar nominal damages.
In Walker v. Hilliard, 329 So.2d 44 (Fla. 1st DCA 1976), we held that the collateral source rule applies not only in tort, but also in contract. Thus, a tractor seller who breached the warranty of title was liable for the full amount of damages even though the buyer's insuror paid the buyer for some of the damages. Here, the party that breached the warranty to defend title is likewise liable for the full amount of damages. The breaching party should not be rewarded when the wronged party's collateral source is wholly independent of the breaching party.
At the oral argument on this case, counsel for Beeler and BDC contended the collateral source rule should not apply because there is no evidence that the Bangerts bought the title insurance policy, and that it was probably purchased by Ridgeway. We have examined the record and find Mr. Bangert testified, without contradiction, that he procured and paid for the policy.
Beeler and BDC also contend the issue is not preserved for review because counsel for the Bangerts did not object to testimony concerning the collateral source. We find he did.
Finally, Beeler and BDC contend the Bangerts failed to submit evidence of damages and therefore cannot recover even if the collateral source rule applies. The affidavit of the Bangerts' trial counsel attesting to the amount of time he spent representing the Bangerts in the original suit and the reasonable value of such representation was sufficient.
The other issues are without merit.
Affirmed in part; reversed in part and remanded for proceedings consistent with the opinion.
SMITH and THOMPSON, JJ., concur.