DANIEL S. PEARSON, Judge.
Richard Urbanak, a plaintiff below, appeals from a final judgment entered on a favorable jury verdict from which the jury, pursuant to the trial court’s instruction, deducted workers’ compensation of a specified amount paid to Urbanak by the Federal Government.[1] Because we conclude that the instruction and the consequent deduction were incorrect, we remand the case to the trial court with directions to enter a modified final judgment.
During the course of his employment by the Federal Government’s National Weather Service, Urbanak was severely injured when a fork lift pinned him against a moving van. He and his wife sued the owners and employees of the fork lift and moving van companies. By the time the case came to trial, the Federal Government had paid to Urbanak under the Federal Employees’ Compensation Act (FECA), 5 U.S.C. § 8101-8193, compensation for medical bills and lost wages in the amount of $75,-351.41.
At trial, over the plaintiff’s objection, the trial court instructed the jurors that Section 627.7372, Florida Statutes (1983)[2] — the collateral source provision of the Florida Motor Vehicle No-Fault Law — required them to deduct $75,351.41, the agreed amount of FECA payments received by Urbanak, from any damages they might award. The jury found all the defendants negligent and found Urbanak ten percent contributorily negligent. They awarded Urbanak a net amount of $500,000 after deducting the $75,351.41. From the final judgment entered on this verdict, Urbanak appeals.
At common law, a wrongdoer was liable for the total damages caused an injured party, regardless of whether the injured party received payment for some of the damages from collateral sources. See, e.g., Robert E. Owens & Associates v. Gyongyosi, 433 So.2d 1023 (Fla. 4th DCA 1983), rev. denied, 444 So.2d 417 (Fla.1984); Janes v. Baptist Hospital, 349 So.2d 672 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 512 (Fla.1978); Paradis v. Thomas, 150 So.2d 457 (Fla. 2d DCA 1963). In derogation of the common law, the Florida Motor Vehicle No-Fault Statute provides that, in cases arising out of motor vehicle accidents, the amount of collateral source payments paid to the plaintiff shall be admitted into evidence and the jury instructed to deduct such payments from its verdict. § 627.-7372(1), Fla.Stat. (1983). However, the statute further provides that “benefits received under the Workers’ Compensation Law shall not be considered a collateral source.” § 627.7372(3), Fla.Stat. (1983).
The defendants successfully argued below, and argue here, that Section 627.- *278 7372(3) was intended to exclude from consideration as a collateral source benefits received under Florida’s workers’ compensation law[3] only, and that, therefore, payments made under the federal workers’ compensation law, as in the present case, are correctly considered a collateral source and deducted from the verdict. To support the narrow reading that the phrase, “the Workers’ Compensation Law,” refers to Florida’s law only, they point to the fact that the words “Workers’ Compensation Law” are capitalized and that these words are preceded by the definite article “the.”
While the reading of Section 627.7372(3) urged by the defendants is certainly possible, the accepted principle of statutory construction, that courts should not literally interpret a statute if such an interpretation leads to an unreasonable conclusion or a purpose not intended by the lawmakers, requires us to reject such a narrow construction. See Boca Raton v. Gidman, 440 So.2d 1277 (Fla.1983); Smith v. Ryan, 39 So.2d 281 (Fla.1949). To interpret the statute so as to allow federal workers’ compensation benefits to be considered a collateral source and deducted from a verdict for a claimant is, in effect, to deduct the FECA payments twice from the amount of the jury award and give an unwarranted windfall to the tortfeasor. This is so because under FECA, Urbanak is required to reimburse the Federal Government out of any judgment against the tortfeasor for compensation payments he has received regardless of whether the judgment includes the medical payments and lost wages covered by FECA. 5 U.S.C. § 8132 (1982)[4]; United States v. Lorenzetti, 467 U.S. 167, 174, 104 S.Ct. 2284, 2289, 81 L.Ed.2d 134, 142 (1984) (Section 8132 “does not confine the United States to the rights of a subro-gee with respect to the specific classes of expenses paid by it to injured employees under FECA; instead, it expressly creates a general right of reimbursement that obtains without regard to whether the employee’s third-party recovery includes losses that are excluded from FECA coverage”). In the present case, then, even though the judgment for Urbanak expressly omits workers’ compensation payments he received, he is liable to the Federal Government for $75,351.41 of medical payments and lost wages out of a judgment that does not include these amounts.[5]
The provision of Florida’s Motor Vehicle No-Fault Statute admitting into evidence and requiring deduction of collateral source payments was designed to substitute the claimant’s own insurer for the tortfeasor, who, under such law, is liable to the claimant only for amounts beyond the collateral source payments. United Services Automobile Association v. Holland, 283 So.2d 381 (Fla. 4th DCA 1973). The required deduction of collateral source payments prevents a claimant from receiving double recovery and intentionally benefits the tort-feasor. Purdy v. Gulf Breeze Enterprises, 403 So.2d 1325, 1329 (FIa.1981).
On the other hand, workers’ compensation laws, both federal and state, are designed to benefit the injured employee and, as at common law, continue to place the responsibility for payment on the tort- *279 feasor. These laws give the carriers the right to recover from the plaintiffs judgment or settlement compensation payments made to the plaintiff, 5 U.S.C. § 8132 (1984); see § 440.39(2)-(4), Fla.Stat. (1983), to prevent double recovery and to minimize the cost of the workers’ compensation system. United States v. Lorenzetti, 467 U.S. at 175, 104 S.Ct. at 2290, 81 L.Ed.2d at 143; Aetna Casualty & Surety, Inc. v. Bortz, 271 So.2d 108, 111 (Fla.1972); Brown v. Glabvo Dredging Contractors, 386 So.2d 53 (Fla. 2d DCA 1980).
There is, then, in our view, no principled reason for the Florida Legislature to have exempted workers’ compensation payments made under Florida law from consideration as a collateral source while allowing workers’ compensation payments made under federal law to be considered. The title to the act amending the Motor Vehicle No-Fault Law to remove workers’ compensation benefits from consideration as a collateral source uses the term “workers’ compensation” in its generic sense. Ch. 79-40, Laws of Fla. Moreover, as a general rule, the term “workers’ compensation” does not refer exclusively to benefits under state rather than federal law. See Brown v. Glabvo Dredging Contractors, 386 So.2d 53. Under these circumstances, where the limiting construction suggested by the defendants would lead to the absurd result of making some but not other workers bear the cost of their own medical payments and lost wages, we do not regard the capitalization in and the definite article preceding the phrase “the Workers’ Compensation Law” as a clear expression of the Legislature’s intent to prefer Florida workers’ compensation claimants. Cf Wagner v. Botts, 88 So.2d 611 (Fla.1956) (punctuation least reliable indication of legislative intent; absence of comma insignificant); Baker v. Morrison, 86 So.2d 805 (Fla.1956) (punctuation should not be read to distort legislative intent; placement of period insignificant).
Therefore, we conclude that federal workers’ compensation payments may not be considered a collateral source under Section 627.7372, Florida Statutes, and that it was error to admit evidence of such payments in the trial and to instruct the jury to deduct the amount of such payments from its award to the plaintiff, Richard Urbanak. Because the special jury verdict reflects that the amount of the workers’ compensation payments was agreed upon and expressly excluded from the award to Richard Urbanak, a new trial on damages is obviously not required. The final judgment entered is reversed and the cause remanded to the trial court with directions to enter final judgment nunc pro tunc for Richard Urbanak in the amount of $517,-816.27, that is, $575,351.41 reduced by the ten percent comparative fault assessed to Richard Urbanak by the jury.[6]
Reversed and remanded, with directions.

. Although Urbanak’s wife, Nancy, is a named appellant, the separate award to her is not an issue on this appeal.

. Section 627.7372(1), Florida Statutes (1983), provides:
"In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.”

. §§ 440.01-.60, Fla.Stat. (1983).

. In relevant part, Section 8132 reads:
"If an injury or death for which compensation is payable under [FECA] is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as a result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney’s fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury.”

.Indeed, Section 8132 provides that no person shall make distribution to an employee pursuant to a damages judgment or settlement without first satisfying the United States’ reimbursement interest. The Government’s right of reimbursement under Section 8132 has one significant limitation: regardless of the extent of his FECA receipts, an employee is entitled to retain one-fifth of the net amount of recovery after the suit’s expenses have been deducted.

. Our decision assumes without deciding that the plaintiffs injury arose out of the operation, use, or maintenance of a motor vehicle, and that, therefore, the admissibility and deduction of his collateral source payments are governed by the Florida Motor Vehicle No-Fault Law.