**Patrick MIRON, Plaintiff,**

v.

**ALL ALASKAN SEAFOODS, INC., Defendant.**

**No. C87–1746R.**

United States District Court, W.D. Washington, at Seattle.

July 25, 1988.

Edward F. Boyer, Walthew, Warner, Keefe, Costello, Thompson & Eagan, Seattle, Wash., for plaintiff.

Shane C. Carew, Mikkelborg, Broz, Wells & Fryer, Seattle, Wash., for defendant.

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on defendant's motion for summary judgment. Having reviewed the motion, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

On March 8, 1986, plaintiff Patrick Miron ("Miron") fell approximately 5 feet while working aboard the M/V All Alaskan, injuring his back. Defendant All–Alaskan Seafoods, Inc. ("All–Alaskan"), owner of the vessel, has paid Miron $16,433.51 in benefits as required by Alaska's Workers' Compensation Act, Alaska Statutes 23.30.-005 *et seq.* On June 15, 1987, Miron signed a Settlement Agreement in which Miron released All–Alaskan from further liability for workers' compensation in exchange for $10,000. On December 23, 1987, plaintiff filed this action, alleging negligence and unseaworthiness in violation of the Jones Act, 46 U.S.C.App. § 688. Defendant now moves for summary judgment on the issue of damages.

All–Alaskan contends that plaintiff must set off the $26,433.51 in workers' compensation against any recovery he has under the Jones Act. In support, All–Alaskan cites the ruling of the Fifth Circuit in *Massey v. Williams–McWilliams*, 414 F.2d 675 (5th Cir.1969):

> since the payments [under the Longshoreman's and Harbor Workers' Com-

pensation Act, 33 U.S.C. § 901 *et seq.*] were made directly on behalf of the employer pursuant to a statutory scheme whose purpose it is to compensate at least to a degree the pecuniary loss as sustained by an employee from an injury received in the course of his work, we think it fair ... to require, not a repayment as such, but rather a credit against those items of damages ultimately allowed that bear a reasonable relation to the items of loss compensated by workers' compensation benefits.

*Massey,* 414 F.2d at 679–680; *see also Cheuvront v. Pittsburgh & L.E.R. Co.,* 477 F.Supp. 193, 197 (W.D.Pa.1979) ("the entitlement we have outlined must be reduced by the amount of benefits paid to the plaintiff").

The court in *Massey* then listed the items which should and should not be credited:

The items against which credit should be allowed would include (a) the ultimate award for maintenance and cure, (b) the pecuniary loss of wages during the period of payment of the compensation benefits, and (c) medical-hospital payments incurred up to the date of payment under the Compensation Act. No such credit is required as to the element of (d) pain and suffering—past, present, or future—or (e) loss of earning capacity subsequent to the date of payment of the last compensation benefit.

*Massey,* 414 F.2d at 680. All–Alaskan seeks a similar credit here, namely that any damages for medical expenses and lost earnings during the period of compensation be reduced by the amount of Miron's benefits.

Plaintiff opposes[1] such a setoff on two grounds: first, since defendant's insurance company, Fireman's Fund Insurance Company, paid the benefits to Miron, plaintiff contends that Fireman's Fund is an indispensable party under Fed.R.Civ.P. 19. Second, plaintiff alleges that the rulings which awarded credits for benefits paid are distinguishable from this matter. The court, however, finds no merit in either of plaintiff's arguments.

Plaintiff provides no factual support whatsoever for his claim that Fireman's Fund is an indispensable party, relying instead on the assertion that if plaintiff prevails, Fireman's Fund may be entitled to subrogation. Defendant states, however, that Fireman's Fund has no right to recovery against Miron. Absent "specific facts" proving a right to subrogation, the court rejects plaintiff's first defense against summary judgment. *See T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.,* 809 F.2d 626, 630–631 (9th Cir.1987) (non-moving party must respond with specific facts which show there is a genuine issue for trial).

The court is also unpersuaded by plaintiff's attempts to distinguish defendant's cases. To allow plaintiff to recover his medical expenses and lost wages for the same period he received workers' compensation is to sanction double recovery of damages. This court will follow the standard articulated in *Massey* and permit defendant to submit evidence that plaintiff's claims overlap. Furthermore, defendant may setoff the entire $26,433.51 against any recovery on a duplicative claim, but since the type and amount of plaintiff's compensation is an issue for trial, the court shall not presently enter a setoff of a particular amount.

THEREFORE, defendant's motion for summary judgment is GRANTED as it pertains to the right of defendant to a credit for workers' compensation paid. The amount of the setoff, however, is an issue for trial.

IT IS SO ORDERED.

---

1. Plaintiff's motion for extension to file memo- randum in opposition is GRANTED.