SCHWARTZ, Chief Judge.
Hanson fell and was injured while working as a crane operator on his employer’s barge in the Caribbean sea. Although, because Hanson was almost certainly a “seaman” and thus subject to the Jones Act, see Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), a Florida worker’s compensation claim almost certainly did not lie, see § 440.09(2), Fla. Stat. (1994); Brown v. Glabvo Dredging Contractors, 386 So.2d 53, 54 (Fla. 2d DCA 1980)(“Florida does not permit workmen’s compensation when recovery is possible under the Jones Act. Section 440.09(2), Florida Statutes (1979).”), such a proceeding was indeed commenced and recognized without objection by the employer Gim-rock and its carrier. Only after the payment of over $2,000 in benefits and the claim had been terminated by a court-approved wash out settlement of an additional $10,000.00, see § 440.20(ll)(b), Fla. Stat. (Supp.1994), Hanson brought the present action for the same injuries against Gimrock, specifically asserting his right to the broad array of damages available to a “seaman.” See 46 U.S.C.A.App. § 688 (2001) (Jones Act). He now appeals from a summary judgment entered for the defendant on the ground that the action was barred by the general release contained in the application for approval of the wash out by the compensation judge, which provided:
As further consideration for payment of the lump sum, the Employee releases any and all claims, whether or not asserted, against the Employer, Gimrock *168 Construction, Inc., the (Florida Construction Commerce and Industry Self Insurers Fund) or its Servicing Agent, (Florida Employers Insurance Service Corporation), or any of its officers, agents, servants, employees, directors, successors, and assigns, [e.s.][1]
On the basis of this provision,[2] we affirm. Applying the strict federal law standards applicable to determining the validity of a seaman’s release of personal injury claims against his employer-vessel owner, we conclude in these circumstances — in which Hanson executed the release while fully competent, represented by counsel, and in return for a substantial lump sum amount in addition to benefits already paid — that the release was entirely effective as a matter of law. See Thompson v. Brown & Root U.S.A., Inc., 830 F.2d 52 (5th Cir.1987); Charpentier v. Fluor Ocean Servs., Inc., 613 F.2d 81 (5th Cir. 1980). Compare Orsini v. O/S SEA-BROOKE O.N., 247 F.3d 953 (9th Cir. 2001); see also State Farm Mutual Auto. Ins. Co. v. Lynch, 661 So.2d 1227 (Fla. 3d DCA 1995)(release of “any and all” claims effective under Florida law).[3]
Affirmed.

. The documents also contained numerous references to the release of all claims "under the Florida Workers’ compensation law.” We ascribe no effect to these provisions. See Miron v. All Alaskan Seafoods, Inc., 705 F.Supp. 518 (W.D.Wash.1988); infra note 3.

. This resolution of the case makes it unnecessary to reach the real possibility that, even without regard to the formal release, Hanson’s pursuit of worker's compensation to the final disposition by an award of benefits effected a waiver of his right later to maintain a plainly inconsistent action under the Jones Act. See Ahern v. South Buffalo Ry. Co., 303 N.Y. 545, 104 N.E.2d 898 (1952)(plaintiff waived Federal FELA claim by proceeding and accepting benefits under final state worker’s compensation order), aff'd, 344 U.S. 367, 73 S.Ct. 340, 97 L.Ed. 395 (1953); Mooney v. City of New York, 219 F.3d 123 (2d Cir.2000), and cases collected, cert. denied, 531 U.S. 1145, 121 S.Ct. 1083, 148 L.Ed.2d 958 (2001); But cf. Jacksonville Terminal Co. v. Hodge, 260 So.2d 521 (Fla. 1st DCA 1972), cert. denied, 409 U.S. 980, 93 S.Ct. 311, 34 L.Ed.2d 243 (1972)(unsuccessful state court action does not bar subsequent action and recovery as railroad worker under FLEA). See generally 9 A. Larson & L.K. Larson, Workers’ Compensation Law § 146.05 (2001).

.We acknowledge that several cases hold that worker's compensation benefits received by a seaman are set off in, but do not necessarily bar, a later Jones Act case. See, e.g., Ditmore v. Fairfield Indus., 855 F.Supp. 187 (S.D.Tex.1994); Miron v. All Alaskan Seafoods, Inc., 705 F.Supp. 518 (W.D.Wash. 1988); Williams v. Offshore Co., 216 F.Supp. 98 (E.D.La.1963); Yost v. Union R.R. Co., 380 Pa.Super. 236, 551 A.2d 317 (1988), appeal denied, 522 Pa. 603, 605, 562 A.2d 826, 827 (1989); Hamilton v. County of Los Angeles, 131 Cal.App.3d 982, 182 Cal.Rptr. 868 (1982). See also Potashnick-Badgett Dredging, Inc. v. Whitfield, 269 So.2d 36 (Fla. 4th DCA 1972), cert. denied, 272 So.2d 819, 820 (Fla.1973). So far as we can tell, however, none of these decisions involve a general release like the one we find decisive in this case. Cf. Miron, 705 F.Supp. at 518 ("On June 15, 1987, Mi-ron signed a Settlement Agreement in which Miron released All-Alaskan from further liability for workers’ compensation in exchange for $10,000.” [e.s.]). See supra note 1.