WIGGINTON, Judge (Retired).
Appellant, who was defendant in an eminent domain proceeding brought by appel-lee, City of Daytona Beach, has appealed a final judgment appropriating a part of his land for street-widening purposes and awarding compensation in payment therefor. The primary point on appeal challenges the correctness of the trial court’s ruling which admitted in evidence over appellant’s objection a document purporting to be an unperformed agreement between appellant and appellee, by which appellant stated his willingness to accept the sum of $695.00 as compensation for his land sought to be appropriated in this proceeding.
The city, through its expert witness, testified that the value of appellant’s land was the sum of $535.00. Appellant’s expert witnesses testified that the value of his land, plus the severance damages which he would suffer as a result of the taking, had a value of between $2,500.00 and $3,000.00. The jury by its verdict awarded appellant the sum of $695.00 as damages for the appropriation of his land by the city.
On cross-examination of appellant, who testified as a witness in his own behalf at the trial, the city attorney asked him if it was not true that in the year 1969 he entered into a written agreement with the city for the sale of the property involved in this suit for the sum of $695.00. Appellant testified that no such agreement had ever been reached or entered into between him and the city. He testified that such a written agreement was prepared by the city and left with him at his office for consideration. He testified that before accepting the city’s offer, it was necessary that he confer with his two cotenants who owned the property jointly with him as well as with his mortgagee whose mortgage encumbered the property sought to be acquired. Appellant stated that he signed the agreement when it was received by him but he intended to hold it in his files and not deliver it to the city until after he, his co-tenants and his mortgagee were satisfied that the sum offered by the city was reasonable and adequate. Before reaching any final conclusion in the matter, appellant testified that one day, when he was out of his office, a representative of the city called and by some means or other persuaded his secretary to withdraw the signed agreement from his files and deliver it to the city’s representative. This representative transmitted the agreement to the city who thereafter held it and refused to return it to appellant even though he protested that he had not authorized its release and had never agreed to accept the amount offered him by the city as compensation. Appellant’s protests were grounded upon the fact that after consultation with his co-owners and mortgagee, they had concluded that the city’s offer for the purchase of the land was insufficient and unacceptable. Despite appellant’s protests and objections, the city continued to retain possession of the signed but undelivered agreement up to and including the time of trial. After appellant’s testimony concerning the agreement had been completed, the city offered the agreement into evidence without stating the reason or on what theory it was being offered as part of the city’s case. Despite appellant’s objection which was promptly overruled by the court, the agreement was admitted into evidence and exhibited to the jury for its consideration. The impact such agreement had on the jury’s decision is evidenced by the fact that the amount awarded to appellant by its verdict was the exact amount specified in the purported agreement of $695.00.
The record is clear that no evidence was adduced by the city to dispute in any manner the statements of fact testified to by *308 appellant. For this reason, there was no factual issue to be resolved by the jury concerning the absence of a meeting of the minds between appellant and the city regarding the terms and provisions of the agreement or concerning its delivery. The sole issue presented by appellant’s objection to the introduction of the agreement in evidence was whether it was admissible for any purposes. We hold that it was not and that the trial court erred in admitting the agreement into evidence over appellant’s objection.
It is clear from the record before us that the city’s negotiations with appellant, which included the preparation and tendering of the agreement for the purchase of his land, were made in an effort to compromise and settle the amount of compensation to which appellant was entitled for the appropriation of his land for public purposes.
It has long been the law of this state that an offer to settle or compromise a claim or dispute between parties is not admissible as an admission against the party making the offer as to the amount of liability.[1] Furthermore, the document here in question did not constitute a contract even though it had been signed by appellant at the time of its receipt because his agreement to accept the offer made by the city was conditioned upon his discussing with and securing the consent of his coten-ants and his mortgagee with regard to the amount of compensation offered. The evidence affirmatively establishes without dispute that the consent of the other parties having an interest in the land was never given by them to appellant, and he was not authorized in any manner to act as their agent in the matter. There is no challenge to the correctness of appellant’s testimony to the effect that he never unconditionally agreed to accept the amount of money offered him and set forth in the written agreement, and that there was never a meeting of the minds between the parties to the agreement. Lastly, the evidence clearly establishes that the agreement in question was never delivered by appellant to appellee and, therefore, never came into being as a binding contract between the parties. For these reasons, the purported agreement was not admissible either as evidence of the amount of money which appellant had expressed a willingness to accept as damages for the taking of his land or for impeachment purposes.
The judgment appealed herein is reversed and the cause remanded for a new trial.
RAWLS, C. J., and BOYER, J., concur.

. 13 Fla.Jur. 222, Evidence, § 223; Gard, Florida Evidence, Rule 205 (1967).