302 So.2d 465 (1974)
Armando SOUTO et al., Appellants,
v.
Howard SEGAL et al., Appellees.
No. 73-1487.
District Court of Appeal of Florida, Third District.
October 15, 1974.
Rehearing Denied November 18, 1974.
*466 Horton, Perse & Ginsberg; Rabin, Sassoon & Ratiner, Miami, for appellants.
Sherouse, Virgin, Whittle & Slatko; Richard M. Gale, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Appellants, plaintiffs in the trial court, appeal the final money judgment awarded in their favor pursuant to a jury verdict in an action for damages arising from an automobile accident.
The trial court submitted special verdict forms to the jury over plaintiffs' objections; the jury returned its special verdict finding Lorraine Segal guilty of negligence proximately causing injuries to the plaintiffs in the amount of 25 per cent, and found the plaintiffs free from negligence. The jury awarded the plaintiff, Isolina Souto, damages in the amount of $8,000.00 and her husband, Armando Souto, the amount of $2,000.00. The court then reduced the $8,000.00 verdict to Isolina by 75 per cent, leaving Armando his full $2,000.00.
Appellants contend that the court erred in reducing Isolina's damages since the doctrine of comparative negligence does not operate to reduce a plaintiff's recovery where the jury expressly finds the plaintiff free from negligence.
Appellees contend that the 75 per cent reduction was proper and that the award to Armando should have been reduced by that percentage as well because the defendant was only 25 per cent negligent.
The record reflects that a "phantom vehicle" may have been involved in the accident in such a manner as to have been a causative factor in plaintiffs' injuries. Appellees rely on this in urging the theory that since they were found to be only 25 per cent negligent, this is the extent of their liability, and appellants must seek out the "phantom driver" for full recompense. Assuming arguendo the "phantom" is fact, there is no question that the doctrine of no contribution between tort feasors applies. See Issen v. Lincenberg, Fla.App. 1974, 293 So.2d 777. Ergo, appellees (or any defendant tort feasors) are liable for the total amount of damages and it is they who have the burden to seek out the "phantom," if they so desire.
*467 In Issen, supra, this court stated at page 778, "... where the plaintiff was not guilty of any negligence contributing to cause her injuries, the doctrine of comparative negligence was not involved. The plaintiff was entitled to judgment against the defendants for the damages awarded to her by the jury." We follow this reasoning and not only find the trial court correct in not reducing the award to Armando, but we also reverse the amended judgment and instruct the court to reinstate the full $8,000.00 verdict for Isolina and enter judgment thereon.
We have considered appellees' contention that the court erred in failing to submit special verdict forms or give jury instructions on the thresholds of no fault insurance, and find such contention with out merit.
Affirmed in part, reversed in part.