313 So.2d 59 (1975)
Bernard MODEL, Appellant,
v.
Jose RABINOWITZ, D/B/a River Oaks Apartments, Appellee.
Jose RABINOWITZ, D/B/a River Oaks Apartments, Appellant,
v.
Bernard MODEL, Appellee.
Nos. 74-988, 74-996.
District Court of Appeal of Florida, Third District.
May 20, 1975.
Rehearing Denied June 10, 1975.
Wolfson & Diamond and Lawrence E. Major, Miami Beach, for Bernard Model.
Walton, Lantaff, Schroeder, Carson & Wahl, and Steven A. Edelstein, Miami, for Jose Rabinowitz.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
The plaintiff and the defendant below each take an appeal challenging a final judgment entered pursuant to a special interrogatory verdict returned by the jury.
Briefly stated, the evidence at trial showed that the plaintiff, Bernard Model, was injured when a portion of the ceiling in his apartment (rented from the defendant) collapsed on him as he was seated on the toilet.
The testimony also indicated that Model saw a crack in the roof some time prior to his accident, and that he had notified an agent for the landlord.
In addition, the defendant produced evidence which at least implied that Model had been drinking on the night which misfortune befell him and that the plaintiff had been disturbed in the past by residents in the apartment above him jumping on the floor.
At the conclusion of the trial, the court submitted a special verdict to the jury, and *60 following its deliberations, the jury returned the following verdict:
"1. Was there negligence on the part of the defendant, Jose Ribinovich (sic), d/b/a River Oaks Apartments, which was a legal cause of the accident?
 "Yes x 
 "No ____
"If so, state the percentage, if any, of negligence attributable to the Defendant, Jose Ribinovich, d/b/a River Oaks Apartments.
 "% 14% 
"2. Was there negligence on the part of the Plaintiff, Bernard Model, which was a legal cause of the accident?
 "Yes x 
 "No ____
"If so, state the percentage, if any, of negligence attributable to the plaintiff, Bernard Model.
 "% 28% 
"3. If your answer to (1) above is `yes' state the total legal damages sustained by the Plaintiff, Bernard Model.
 "$ ---- 850.00 ---- 
"* * *"
After the jury returned the verdict, the trial judge asked respective trial counsel if they desired to have the jury polled. Plaintiff Model's counsel responded affirmatively, and the six members of the jury panel each duly answered that the verdict now at issue was their verdict.
Then, the record reflects that the court dismissed the jury without objection from either side.
On appeal, Model argues that the verdict is susceptible to different interpretations by reasonable minds and therefore a new trial is mandated. See, Nix v. Summitt, Fla. 1951, 52 So.2d 419; Annot., 49 A.L.R. 2d 1328.
The defendant below also cross-appeals from the amount awarded by the trial court based upon the jury's findings.
The court entered judgment awarding Model $493. Apparently this figure was arrived at by multiplying the percentage of total negligence (42%) which the jury found by $850 (the amount of damages which the jury found Model had sustained), then subtracting that amount ($357) from the $850 sum.
As we view it, then, the sum actually awarded Model represents the other 58%, which apparently the jury determined neither party was negligent. Therefore, the verdict and judgment before us boils down to a legal absurdity.
The defendant's cross appeal confirms the ambiguity of the verdict because the defendant asserts that the proper calculation for arriving at a judgment should have been: $850 x 14% (defendant's negligence) = $119.
In our opinion, the verdict in this case is not susceptible to a rational solution because the jury apparently, under the recently adopted standard of comparative negligence, was comparing negligence to non-negligence.[1]
Of course, having found that some negligence was involved in this case, it was incumbent upon the jurors and the court to reach a whole and complete verdict. The *61 problem presented in this case might have been removed by simply resubmitting the verdict to the jury on further instructions as to the proper meaning of comparative negligence adopted by the Supreme Court in Hoffman v. Jones, Fla. 1973, 280 So.2d 431.
For the reasons stated, the judgment appealed is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] Perhaps the jury was speculating that the cause of the ceiling's collapse was due in part to the negligence of neither party; that it merely happened for reasons unknown. Perhaps, also, the jury conceived that the other 58% of the accident was caused by an Act of God. In any event, it is improper in comparative negligence situations for the jury to apportion negligence either to joint tortfeasors; or "phantom" tortfeasors who are not before the court; or even to the Supreme Being. See, Issen v. Lincenberg, Fla.App. 1974, 293 So.2d 777; Souto v. Segal, Fla.App. 1974, 302 So.2d 465.