318 So.2d 188 (1975)
Robert R. FRANK et al., Appellants,
v.
Lee RUWITCH, Appellee.
INDUSTRIAL-GUARANTY BANCORP., a Florida Corporation, Appellant,
v.
Lee RUWITCH, Appellee.
Nos. 74-1152, 74-1161.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 18, 1975.
Frank, Strelkow & Gay, for Robert R. Frank, Miami Beach, Richard M. Gale, Miami, for Industrial-Guaranty Bancorp., appellants.
Heller & Kaplan and Lynn Richard Mattaway, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants in the trial court appeal a final judgment entered pursuant to a jury verdict awarding plaintiff $161,086.56 in an action to collect a finder's fee.
Lee Ruwitch filed a complaint to recover a finder's fee and alleged that he entered into an oral contract with the defendants, appellants herein, whereby he would receive a 4% finder's fee if he were to advise *189 the defendants of any Florida banks with deposits in excess of $15,000,000 whose shareholders owned at least 51% of the stock and would sell to the defendants. Ruwitch further alleged that he put the defendants in touch with the Citizens Bank and Trust Company of Sarasota and subsequently, defendant Industrial Guaranty Bancorp, a corporation formed by the other defendants, purchased approximately 85% of the stock in the Sarasota bank for $3,136,080. Thereupon, Ruwitch prayed for 4% of the purchase price or $125,443.20 as his fee. The defendants answered the complaint with a general denial of the allegations. The cause eventually proceeded to a jury trial at which the evidence presented on behalf of the plaintiff tended to show: (1) the individual defendants and others planned the formation of a bank holding company; (2) one Frank Proctor promised Ruwitch a finder's fee of 4% for his help in locating Florida banks for the group to purchase; this promise was reaffirmed by defendant Roberts; (3) plaintiff was the publisher of the Miami Review and, therefore, was thought likely to have contacts helpful to the group; (4) Ruwitch in fact did put the defendants in touch with the subject Sarasota bank; and (5) a purchase of approximately 85% of the stock therein was consummated by the defendants. At the conclusion of the trial, the case was submitted to the jury which found all four defendants liable and awarded Ruwitch a total of $161,086.56 (his fee plus interest thereon). The trial judge entered judgment in accordance therewith and after defendants' motion for new trial was denied, this appeal ensued.
Appellants first urge as reversible error the admission into evidence of negotiations between the parties including unsigned option agreements made in an effort to compromise and settle Ruwitch's finder's fee against the appellants.
The record with respect thereto demonstrates that the testimony of Larry Hoffman, Ruwitch's attorney, was not objected to. Further, the introduction of the unsigned option agreements were objected to on the sole ground that said documents were nugatory in that they were not signed. Generally an appellate court must confine its review of objections to evidence to those grounds actually raised in the trial court. Lineberger v. Domino Canning Company, Inc., Fla. 1953, 68 So.2d 357; Nat Harrison Associates, Inc. v. Byrd, Fla.App. 1971, 256 So.2d 50. Accordingly, the objection on the grounds that the unsigned option agreements were settlement or compromise offers and, therefore, inadmissible, cannot be raised for the first time on appeal and we need not review it.
Even assuming arguendo that these grounds for objection were raised in the trial court, we cannot agree with appellants that said evidence was inadmissible for the two fold reason that (1) the option agreements illustrate that the admission of liability upon which Ruwitch's claim was based was unconditional, and (2) these agreements were drawn up before this cause of action was instituted. See Mutual Benefit Health & Accident Association v. Bunting, 133 Fla. 646, 183 So. 321 (1938) and Allstate Insurance Company v. Winnemore, 413 F.2d 858 (5th Cir.1969).
Appellants also contend that the trial court erred in refusing to direct a verdict for them in that there was an insufficiency of evidence to permit the case to go to the jury. We cannot agree.
Appellants admit the evidence was conflicting and there being competent substantial evidence contained in the record to sustain the jury's verdict, we will not disturb said verdict on appeal. See 2 Fla.Jur. Appeals § 345 (1963) and cases cited therein.
As another contention on appeal, appellants alleged the trial judge erred in giving the following verdict special interrogatories:
"1. Do you find that there was an agreement to pay Lee Ruwitch a fee of *190 4 percent of the ultimate stock purchase price for information regarding the availability of stock in the Citizens Bank and Trust Company of Sarsota? YES ____ NO ____
"(If your answer is no, then you are to answer no further questions.)
"2. Do you find that the defendants, or either or any of them, are liable to the plaintiff under said agreement?
"YES ____ NO ____
"(If your answer is no, then you will answer no further questions.)
"3. If your answer to question number 2 was in the affirmative, place a check mark opposite the name of the defendant or defendants you find liable.
"ROBERT R. FRANK ____
"JOHN W. ROBERTS, JR. ____
"JACK H. STEIN ____
INDUSTRIAL-GUARANTY BANCORP. ____
"4. What do you find to be the total compensation, in dollars, which is owed to Lee Ruwitch?
"$ ____"
* * * * * *
The appellants allege reversible error because the trial judge precluded the jurors from answering a special interrogatory as to the existence vel non of an agency relationship between the persons making the finder's fee contract with Ruwitch and the appellants as requested by them.
Despite the fact that the trial judge refused to give this requested special interrogatory, we find the jury was instructed thoroughly by the trial judge on the issue of agency. Thus, we conclude the trial judge did not abuse his discretion in renduring the special interrogatories. See 76 Am.Jur.2d Trial §§ 1177, 1180 (1975) and Cf. Beckwith v. Bailey, 119 Fla. 316, 161 So. 576 (1935). The real question herein appears to be which of the defendant-appellants should be liable rather than the question of liability itself, and the special interrogatories properly elicited from the jury its answer thereto. In the final analysis, it is undisputed that all the appellants reaped the benefits of the information furnished by Ruwitch as they subsequently purchased 85% of the bank stock, and it would seem it was an almost impossible task for them to deny the existence of their agency relationship with Proctor and Roberts.
After a scrutiny of appellants' remaining points on appeal, we have determined that no reversible error has been made to appear.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.