MOORE, Judge.
In this plenary appeal Defendant seeks reversal of a final judgment for damages in favor of the Plaintiff entered subsequent to a jury trial. We affirm.
Planning to form a yacht club for which a yacht would serve as the clubhouse Plaintiff ordered the yacht from the Defendant. It was to be constructed in accordance with Plaintiff’s specifications and bear a purchase price of $270,000. A deposit on the purchase price was given. Originally, the yacht was to be delivered in October 1973; however, construction was delayed for various reasons and the parties agreed to late delivery. In so doing, the Defendant prepared a “purchase agreement” in October 1974 which reflected the terms of purchase and which the Defendant now alleges to be an “offer of settlement.” This document was never signed by the parties and now forms the sole issue on appeal worthy of consideration.
Shortly after delivery of the yacht an electrical fire damaged it, whereupon the Plaintiff returned it to the selling Defendant. In December 1974, the Plaintiff commenced this action for damages based upon the delay in delivery and poor construction. The complaint sought to recover the deposit, expenses incurred in furnishing the yacht and incidental expenses incurred in entertaining prospective yacht club members. The jury returned a verdict in favor of Plaintiff in the amount of $57,743.36.
Defendant contends that the trial court erred by admitting into evidence the October 1974 “Purchase Agreement” because embodied therein was a settlement offer. We disagree. Examination of the agreement reveals explicit acknowledgement of the receipt of the $18,500 deposit and the expenditure by the Plaintiff of $18,600 for furnishings and decorations for the yacht. Under its terms the agreement also allowed the Plaintiff to dock the yacht at his residence for one month prior to final closing for the purpose of inducing prospective members to join the yacht club. That portion of the agreement which Defendant contends is an “offer of settlement” merely states that if the purchaser, for any reason, fails to make payment, the deposit (less $2,400 for one month’s use of the vessel) and the $18,600 expended for furnishings would be returned to the purchaser and both parties would be relieved from further obligation. The Plaintiff sought to admit this document to prove the receipt of the deposit and the acknowledgement by the Defendant of the $18,600 expenditure.
The relevant legal principles pertaining to settlement offers have been clearly stated in numerous cases:
*918 “It has long been the law of this state that an offer to settle or compromise a claim or dispute between parties is not admissible as an admission against the party making the offer as to the amount of liability.” Hill v. City of Daytona Beach, 288 So.2d 306, 308 (Fla. 1st DCA 1974).
First, we find that Defendant waived its right to object to the admissibility of the “purchase agreement” because defense counsel initially broached the subject of the agreement through examination of his own witness. More cogently, however, we determine that this agreement was not an offer of settlement. An offer of settlement presupposes that a dispute exists between the parties. At the time the purchase agreement was prepared there was no dispute and no litigation contemplated. The parties still expected the sale to be completed and the Defendant was not attempting to settle a legal claim which the Plaintiff had asserted. The public policy of encouraging settlements by rendering settlement offers inadmissible therefore is not involved and not contravened in the instant case. See, Mutual Benefit Health & Accident Association v. Bunting, 133 Fla. 646, 183 So. 321 (Fla.1938). See also, Frank v. Ruwitch, 318 So.2d 188 (Fla. 3d DCA 1975).
The defendant having failed to demonstrate error the final judgment should be affirmed.
AFFIRMED.
BERANEK, J., concurs.
CROSS, J., dissents without opinion.