SCHWARTZ, ALAN R., Associate Judge.
The defendant-appellants’ sole contention on appeal is that the lower court reversibly erred in declining to submit a special interrogatory to the jury as to whether the plaintiff met the statutory no-fault threshold.[1] The use of such a verdict form, however, is ordinarily for the trial judge alone to decide. Lincenberg v. Issen, 318 So.2d 386 (Fla.1975); Frank v. Ruwitch, 318 So.2d 188 (Fla. 3d DCA 1975). In Florida East Coast R. Co. v. Lawrence, 346 So.2d 1012 (Fla.1977), the supreme court adopted the only exception to this rule — and then only prospectively — by requiring special verdicts on the comparative negligence issue. We are neither empowered nor inclined to impose another such mandatory requirement in the present instance. Accord, Souto v. Segal, 302 So.2d 465, 467 (Fla. 3d DCA 1974).
AFFIRMED.
DOWNEY and DELL, JJ., concur.

. Concededly, the jury was otherwise properly charged on the question in accordance with the standard jury instructions and verdict forms.