HERSEY, Judge,
concurring specially.
This case was appropriately Per Curiam Affirmed. However the dissent raises an interesting point which invites comment. The jury verdict, presumed correct in any event, is supported by the evidence. There is no “right” to have an interrogatory verdict. Thus affirmance is required by section 924.33, Florida Statutes (1983).
As we said in Walsh v. Diaz, 409 So.2d 1186 (Fla. 4th DCA 1982):
The defendant-appellants’ sole contention on appeal is that the lower court *496 reversibly erred in declining to submit a special interrogatory to the jury as to whether the plaintiff met the statutory no-fault threshold. The use of such a verdict form, however, is ordinarily for the trial judge alone to decide. Licenberg v. Issen, 318 So.2d 386 (Fla.1975); Frank v. Ruwitch, 318 So.2d 188 (Fla. 3d DCA 1975). In Lawrence v. Florida East Coast R. Co., 346 So.2d 1012 (Fla. 1977), the supreme court adopted the only exception to this rule — and then only prospectively — by requiring special verdicts on the comparative negligence issue. We are neither empowered nor inclined to impose another such mandatory requirement in the present instance. Accord, Souto v. Segal, 302 So.2d 465, 467 (Fla. 3d DCA 1974).
For these reasons we have affirmed the final judgment.