PER CURIAM.
We conclude that the evidence supports the jury verdict as to both liability and damages, see Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187 (Fla.1977); Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla. 3d DCA 1974), cert. denied, 327 So.2d 32 (Fla.1976), and that evidence of an offer made to the plaintiff when he was “fired” by one of the defendants was not inadmissible as an offer of compromise under section 90.408, Florida Statutes (1983)[1] because there was then, within the meaning of the statute, no existing “claim which was disputed as to validity or amount.” Allstate Ins. Co. v. Winnemore, 413 F.2d 858, 863 (5th Cir. 1969); Miller Yacht Sales, Inc. v. Lee, 368 So.2d 916 (Fla. 4th DCA 1979), cert. denied, 378 So.2d 347 (Fla.1979); Frank v. Ru-witch, 318 So.2d 188 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 725 (Fla.1976); McCormick on Evidence § 274 nn. 76-77 (2d ed. 1972); 4 Wigmore, Evidence § 1061 n. 1 (Chadbourn rev. 1972) (“We deal here with an offer to pay or settle after a controversy has arisen between the parties. Offers to pay or settle prior to controversy are distinguishable.” [e.o.]); 31A C.J.S. Evidence § 285 (1964) (“[T]here must be a controversy between the parties at the time of the alleged offer, for if there is no controversy there is nothing to compromise.”). The other points do not present error or require discussion.
Affirmed.

. Compromise and offers to compromise.— Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.