SCHOONOVER, Acting Chief Judge.
The appellants, Douglas J. Archie and Michelle E. Archie, challenge a final summary judgment entered in favor of the appellee, State Farm Fire & Casualty Company (State Farm). We reverse.
This dispute involves an exclusionary clause in a homeowner insurance policy that the Archies purchased from State Farm. The policy states that coverage does not apply to “bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by or rented or loaned to any insured.”
Two individuals sustained injuries while on a hunting trip with Mr. Archie and another individual. The injuries resulted from the accidental discharge of a rifle *127 while all four of the hunters were in a pickup truck owned by Mr. Archie. Although State Farm contested coverage, it provided a defense to the negligence action brought by the two individuals against Mr. Archie.
In addition to providing a defense to the negligence action, State Farm filed a declaratory judgment action seeking a determination that the above described exclusionary clause relieved the company from any duty to defend the negligence action or from any liability for the judgment which was entered against Mr. Archie. The trial court entered a final summary judgment holding that there was no insurance coverage for the losses claimed in the negligence action. This timely appeal followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). The burden, furthermore, is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See Holl v. Talcott, 191 So.2d 40 (Fla.1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. In this case, the appellee did not carry this heavy burden and summary judgment was, therefore, improper.
In order to establish its right to a summary judgment in this action, State Farm had to establish that the damages sought in the negligence action arose out of the ownership, maintenance, use, loading or unloading of a motor vehicle. The record not only indicates a dispute as to how the accident actually happened, but reflects that there are disputed issues of material fact concerning whether the accident arose out of the use or the loading or unloading of the vehicle. See Quarles v. State Farm Mut. Auto. Ins. Co., 533 So.2d 809 (Fla. 5th DCA 1988), review denied, 544 So.2d 201 (Fla.1989).
We, accordingly, reverse the final summary judgment and remand for proceedings consistent herewith.
HALL and BLUE, JJ., concur.