PER CURIAM.
Robbins commenced this action in 1986 for false arrest, false imprisonment, and intentional infliction of emotional distress. He sought to establish that post-1982 acts of harassment by Miami Beach police officers were in retaliation for his 1979 complaint against another officer which led to a disciplinary action. The trial court ruled that because the statute of limitations would bar a cause of action based on facts which predated 1982, the facts of that incident were inadmissible as evidence to prove a separate non-barred cause of action. The court also failed to give a requested instruction that Robbins had a right to peacefully resist an unlawful arrest and that an arrest with probable cause may be pretex-tual and therefore unlawful. We reverse because the errors complained of were not harmless.
First, the fact that limiting statutes bar the bringing of a cause of action on stale facts does not, alone, render those same facts inadmissible as evidence of motive to prove another valid cause of action. See Lovejoy v. Goodrich, 798 F.2d 1201 (8th Cir.1986); Hopkins v. McClure, 45 So.2d 656 (Fla.1950).
Second, in a cause of action for false arrest, a plaintiff is entitled to an instruction on a right to be free from a pretextual arrest, see Kehoe v. State, 521 So.2d 1094 (Fla.1988) (an officer may not get around the Fourth Amendment’s mandates by basing a detention upon a purely pretextual stop); Canales v. Compania De Vapores Realma, 564 So.2d 1212, 1214 (Fla. 3d DCA 1990) (a party is entitled to jury instructions that accurately reflect the party’s theory of the case when the evidence supports that theory); Seguin v. Hauser Motor Co., 350 So.2d 1089 (Fla. 4th DCA 1977) (it is axiomatic that each party is entitled to have the jury instructed upon his theory of the case), and the right to resist, without violence, an unlawful arrest. See Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (a person has the right to verbally oppose or challenge police actions without thereby risking arrest); K.Y.E. v. State, 557 So.2d 956 (Fla. 1st DCA 1990) (the common-law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence); Lee v. State, 368 So.2d 395 (Fla. 3d DCA) (where an arrest is unlawful there is a common law right to resist the arrest without the use of violence), cert. denied, 378 So.2d 349 (Fla.1979).
Reversed and remanded for a new trial.