644 So.2d 1383 (1994)
Janet REASE, Appellant,
v.
ANHEUSER-BUSCH, INC., a Missouri corporation, Appellee.
No. 92-4192.
District Court of Appeal of Florida, First District.
October 17, 1994.
Rehearing Denied December 7, 1994.
*1384 Scott Thomas Fortune, Atlantic Beach, for appellant.
Eric J. Holshouser and Timothy B. Strong, Coffman, Coleman, Andrews & Grogan, Jacksonville, for appellee.
ZEHMER, Chief Judge.
Janet Rease appeals a final judgment entered on a jury verdict in favor of Anheuser-Busch, Inc., in her action for damages against Anheuser-Busch for terminating her employment because she pursued workers' compensation benefits. Her action was premised on section 440.205, Florida Statutes (1985).[1] Rease challenges a number of the trial court's evidentiary rulings and contends that this case must be reversed and remanded for a new trial. Because the trial court erred in excluding evidence of Anheuser-Busch's past conduct and statements, we reverse and remand for a new trial.
Rease was involved in an industrial accident on August 29, 1985, when she slipped and fell at work, severely injuring her shoulder. She reported the accident to Anheuser-Busch and made a valid claim for workers' compensation benefits.
After a period of recuperation, Rease was returned to work by her treating physician with some limitations and restrictions. Rease testified that on several occasions between her release and December 1985, she was assigned to jobs that exceeded what she understood to be her specific medical restrictions. On one such occasion, in December *1385 1985, Claimant reinjured her shoulder while operating a floor buffer machine and was not permitted by her treating physician to return to work for approximately six months.
Rease was again released to work on "light duty" in late June 1986. However, in July, Rease again complained that she was unable to perform the assigned job without reinjuring her shoulder. As a consequence, she was sent home and remained home until October 1986. During this period, she received physical therapy and saw her treating physician on a regular basis. The evidence is conflicting as to the extent of any physical restrictions or limitations placed on Rease when she was released to return to work in October. However, between October 1986 and July 1987, Rease successfully performed several different jobs at the brewery without problems or further injury to her shoulder.
At the end of July 1987, Rease was requested to operate a filler machine. Although she objected to the assignment, she performed the job and, as a result, was forced to miss three days of work due to a flare-up of her shoulder. When she returned to work, she performed without further injury and missed no work until August 5, 1987.
In the meantime, due to Rease's complaints of inability to perform her job assignments, Anheuser-Busch inquired of her physician about any specific physical restrictions. Based on information ultimately received from the physician's office, the company concluded that there was no acceptable work available for Rease within the advised restrictions. Consequently, on August 5, 1987, Rease was informed that she would not be permitted to work and was sent home. Although Rease continued to search for other jobs, she remained unemployed after August 5, 1987. As a result of her job search, she received workers' compensation wage-loss benefits. In addition, in accordance with company policy, Anheuser-Busch provided Rease with supplementary benefits that equal the difference between the amount of workers' compensation benefits she was receiving and $425 per week.
After unsuccessfully pursuing a grievance against Anheuser-Busch,[2] Rease commenced the present action on August 1, 1991, when she filed a complaint alleging that Anheuser-Busch terminated her employment on August 5, 1987, in violation of section 440.205. Specifically, Rease alleged that Anheuser-Busch began a practice of threatening, intimidating, and coercing her by assigning her to duties beyond her physical restrictions and by repeatedly threatening that she would be sent home without pay if she did not follow orders to perform these duties. Anheuser-Busch filed its answer denying that Rease had been terminated from her employment and asserting, among other things, that Rease's claims were barred by the statute of limitations. Anheuser-Busch's motion for summary judgment on the basis that the statute of limitations had run was denied, and the case was set for trial.
Prior to trial, Anheuser-Busch filed five motions in limine, all of which were granted. The trial court's rulings on two of these motions are relevant to this appeal. Anheuser-Busch moved to exclude a July 9, 1991, letter to Rease's workers' compensation attorney from Anheuser-Busch's attorney, E. Robert Williams, wherein Anheuser-Busch stated that it considered Janet Rease "terminated." Anheuser-Busch contended that this letter was written in the context of settlement negotiations involving Rease's workers' compensation claim for benefits and thus was inadmissible under section 90.408, Florida Statutes (1991). The trial court agreed and ruled that the letter and any reference *1386 thereto would be inadmissible as part of an offer to compromise a claim.
Anheuser-Busch also sought to prohibit Rease from introducing any evidence of intimidation, coercion, threats, or other conduct on its part occurring before August 1, 1987 (just prior to Rease's alleged discharge), on the ground that any such incidents were barred by the four-year statute of limitations. The trial court agreed with Anheuser-Busch, but it later allowed limited testimony of events occurring before that date leading up to the termination.
On Rease's motion, the trial court addressed whether Anheuser-Busch would be permitted to introduce evidence of Rease's receipt of workers' compensation wage-loss benefits. Rease argued that such evidence was an improper consideration of a collateral source and was irrelevant to the ultimate issue of whether Anheuser-Busch violated section 440.205. Anheuser-Busch responded that the "collateral source doctrine" did not apply to this case and that the evidence of Rease's receipt of wage-loss benefits was relevant to the issue of whether she was still an employee. The trial court ruled that Rease's receipt of workers' compensation benefits and their amount was admissible. During trial, Rease renewed her objections to comments and evidence regarding her receipt of these benefits, exclusion of evidence relating to incidents that occurred before August 1987, and exclusion of the July 9, 1991, letter written by E. Robert Williams.
At the close of Rease's case, Anheuser-Busch moved for a directed verdict on the issue of punitive damages on the ground that there was no factual basis in the record to support such an award. Rease responded that she had been precluded from presenting evidence linking her 1985 injury and her workers' compensation claim to her 1987 discharge, which would have supported her claim for punitive damages. Nevertheless, the court expressly confirmed its previous ruling that evidence of conduct prior to 1987 was inadmissible, even if its admission was sought for the limited purpose of revealing Anheuser-Busch's state of mind. It granted the motion for directed verdict on punitive damages.
During the jury charge conference, conducted prior to closing arguments, Rease requested that the jury be given the standard collateral source rule jury instruction. The court declined to do so. Rease also moved to amend the pleadings to conform to the evidence, arguing that the parties had tried by consent the issues of coercion and intimidation in addition to the alleged improper termination. The court granted the motion and instructed the jury in a manner that would have permitted the jury to make a finding of liability based on intimidation or coercion alone, without a finding of improper termination. Following its deliberations, the jury returned a special verdict finding that Anheuser-Busch did not discharge Rease by reason of her claim for compensation under the workers' compensation law, did not threaten to discharge Rease by reason of her claim for compensation, and did not intimidate or coerce Rease by reason of her claim for compensation.
On appeal, Rease challenges the court's ruling on the admission of evidence of Rease's receipt of workers' compensation benefits, the court's exclusion of Rease's proffered evidence concerning Anheuser-Busch's conduct commencing immediately after her claim for workers' compensation benefits and leading up to her 1987 discharge, and the court's ruling that the July 9, 1991, letter from E. Robert Williams to Rease's workers' compensation attorney was inadmissible as an offer to compromise a claim.
Regarding Rease's receipt of workers' compensation benefits, Rease argues that the admission of this evidence contravenes the collateral source rule.[3] Rease explains *1387 that workers' compensation benefits have traditionally been considered a collateral source, that Anheuser-Busch's status as being self-insured does not change the collateral nature of the benefits, and that the payment of workers' compensation benefits was not probative of whether she had been terminated in violation of section 440.205, since the obligation to pay wage-loss benefits continues even after the employee is terminated. Finally, she contends that, even if the payment of wage-loss benefits was held to be relevant to the issue of termination, the evidence would still be inadmissible because of its potentially prejudicial effect on the jury's determination of liability.
We hold that the collateral source rule does not apply here because the fact of Rease's receipt of benefits was relevant to the issue of Anheuser-Busch's liability. The gravamen of Rease's claim was that she was, if not terminated from her employment, not permitted to work; and she was deprived of her right to make a living by the company's intimidating and coercive conduct of forcing her under threats of discharge to perform job assignments beyond her physical restrictions, and by the company's refusal to allow her to return to work when she was sent home following her protestations that she was unable physically to accomplish the assigned tasks. Rease expressly conveyed the notion to the jury that she received no further benefits from Anheuser-Busch when she was sent home in August 1987, and she advanced testimony that she was made destitute by the conduct of Anheuser-Busch in not permitting her to return to work. Exclusion of the evidence of her receipt of benefits would have prevented Anheuser-Busch from defending itself against Rease's claim of economic coercion. If this evidence was prejudicial, it was prejudicial only in the sense that it contradicted Rease's allegations of intimidation and coercion. Given the relevancy of the evidence, this case is distinguishable from those wherein the evidence was held to be immaterial and misleading and a subversion of the jury process. See, e.g., Gormley v. GTE Products Corp., 587 So.2d 455 (Fla. 1991); and Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA), cert. denied, 285 So.2d 414 (Fla. 1973). Thus, the trial court did not err in admitting this evidence and in overruling Rease's objections to defense comments to the jury regarding her income and receipt of workers' compensation benefits. Further, the trial court did not err in failing to give the collateral source rule as a jury instruction.[4]
Rease next argues that the trial court erred in excluding her proffered evidence of Anheuser-Busch's conduct commencing immediately after her claim for compensation was filed. The trial court excluded this evidence on the grounds that evidence of conduct occurring prior to 1987 was barred by the statute of limitations. We agree that the court's exclusion of this proffered evidence was erroneous. The evidence was not offered as proof of a cause of action that accrued before 1987 but as circumstantial evidence of Anheuser-Busch's state of mind in terminating Rease after 1987. The statute of limitations does not bar the introduction of evidence offered to prove a cause of action brought within the limitations period. See Edenfield v. B & I Contractors, Inc., 624 So.2d 389 (Fla. 2d DCA 1993); Robbins v. City of Miami Beach, 613 So.2d 580 (Fla. *1388 3d DCA 1993). As the court in Robbins stated, "[T]he fact that limiting statutes bar the bringing of a cause of action on stale facts does not, alone, render those same facts inadmissible as evidence of motive to prove another valid cause of action." 613 So.2d at 581. A violation of section 440.205 is considered an intentional tort,[5] and Anheuser-Busch's state of mind was relevant to the issue of liability. Because motive and state of mind are subjective factors, the only way for Rease to have established Anheuser-Busch's intent in ordering her to leave work was to introduce evidence of a previous course of intimidating and coercive conduct beginning with her injury and continuing to the date of her alleged dismissal.
Likewise, the trial court erred in granting a directed verdict on Rease's claim for punitive damages since it erroneously excluded the evidence that would have supported her claim. Punitive damages would have been available to Rease in this action had she been able to show that Anheuser-Busch's conduct reached the requisite level of culpability. Scott v. Otis Elevator, 572 So.2d 902 n. 5 (Fla. 1990). Evidence of Anheuser-Busch's alleged threatening, coercive, and intimidating treatment of Rease during the period in question could have established the company's lack of care, reckless disregard for Rease's safety, and conscious indifference to consequences sufficient to meet the test established for punitive damages in American Cyanamid v. Roy, 498 So.2d 859 (Fla. 1986). By preventing Rease from revealing Anheuser-Busch's state of mind, the trial court effectively precluded her from establishing her claim for punitive damages. For these reasons, the cause must be reversed and remanded for a new trial.
Finally, we hold that the trial court erred in ruling that a July 9, 1991, letter from E. Robert Williams to Claimant's workers' compensation attorney was inadmissible as an offer to compromise a claim pursuant to section 90.408, Florida Statutes. The letter contained a statement that Anheuser-Busch considered Rease to have been terminated. It was submitted during negotiations between Anheuser-Busch and Rease's workers' compensation attorney that were conducted with the intent to settle her claim for a lump-sum amount of workers' compensation benefits pursuant to section 440.20, Florida Statutes. There is no evidence to indicate that the letter was written in the context of settlement negotiations in this case.
Section 90.408 provides that "[e]vidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value." (Emphasis added.) A fundamental premise for the application of this rule is that the offer to compromise must relate to the claim disputed in the lawsuit. In the present case, the excluded letter pertained to negotiations authorized by a different section of the Workers' Compensation Act. Thus, the circumstances are different from those cases that have construed section 90.408 to prohibit the admission of offers of compromise and statements made in negotiation in different, but related cases.
In Sea Cabin, Inc. v. Scott, Burk, Royce & Harris, 496 So.2d 163 (Fla. 4th DCA 1986), rev. denied, 504 So.2d 768 (Fla. 1987), in ruling that it was error for the court to admit a letter from plaintiffs' counsel to a third party suggesting that the third party was actually responsible for the plaintiffs' damages and proposing a settlement of the plaintiffs' claim against that party, the fourth district ruled that section 90.408 "applies to settlement offers made to third parties as well as parties to the litigation." Id. at 164. There, the proposal was relevant to the defendant's liability as alleged in the lawsuit.
But in the present case, the July 9, 1991, letter did not relate to the controversy embodied in the present lawsuit involving charges of improper conduct in violation of section 440.205. Instead, the letter related to the parties' statutorily authorized option to settle Rease's workers' compensation claim by paying her a lump-sum amount, an entirely *1389 different and collateral matter.[6] Consequently, section 90.408 does not apply to this situation. Obviously, the statement embodied in the letter to the effect that Anheuser-Busch considered Rease to be terminated is an admission on the company's part and highly probative of the issue of whether Rease, in fact, had been terminated from her employment for purposes of the application of section 440.205. Thus, the letter was critical to Rease's case, and its exclusion constituted prejudicial error. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
KAHN and BENTON, JJ., concur.
NOTES
[1] Section 440.205 provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."
[2] The Multi-Plant Grievance Committee ultimately issued a decision on December 15, 1987, stating that based upon information it had received from Rease's doctor, Anheuser-Busch "acted properly in not allowing [Rease] to return to work." The committee found there to be no basis for back pay as requested and directed Rease to be re-evaluated by a functional capacity evaluator, advising that if she was found capable of performing her normal duties, she should be returned to work. A functional capacities evaluation was never conducted, despite efforts made by Anheuser-Busch to provide a private rehabilitation provider to conduct the evaluation. Although Rease refused to be evaluated, the rehabilitation provider nonetheless conducted an onsite job analysis. Based upon his evaluation of the positions offered and Rease's stated restrictions, the provider opined that the job duties exceeded her prescribed restrictions.
[3] As a general proposition, the collateral source rule states that "in a tort or contract action total or partial compensation received by the plaintiff injured party from a collateral source wholly independent of the defendant wrongdoer will not operate to lessen the damages otherwise due to the plaintiff from the defendant wrongdoer." Hartnett v. Riveron, 361 So.2d 749, 751 (Fla. 3d DCA 1978). The Florida Supreme Court has explained that while the rule functions generally as a rule of damages, it can also function as a rule of evidence. See Gormley v. GTE Products Corp., 587 So.2d 455 (Fla. 1991). As a rule of evidence, it "prohibits the introduction of any evidence of payments from collateral sources, upon proper objection." Id. at 457. This is so because the introduction of collateral source evidence "misleads the jury on the issue of liability and, thus, subverts the jury process." Id. at 458. As the Third District Court of Appeal observed in Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA 1973), cert. denied, 285 So.2d 414 (Fla. 1973):

[T]he issue of whether the plaintiff has received the benefits of any payment under workmen's compensation, social security or other insurance-type programs is not material. The purpose of the suit is to attempt to establish liability on the part of the defendant, and in most instances the presence of benefits inuring to the plaintiff as the result of his injuries is not a proper consideration for the jury.
Id. at 850. In short, collateral source evidence is simply irrelevant; it is not probative of any material issue of liability in the case.
[4] However, because we are ultimately remanding this cause for a new trial, we advise the trial court that should this evidence again be presented to the jury, it would be prudent for it to give some type of a limiting instruction in order to avert any possible misunderstanding on the jury's part concerning the relevance of this evidence to the issues of liability and damages.
[5] Scott v. Otis Elevator Co., 572 So.2d 902, 903 (Fla. 1990).
[6] Section 90.408 has also been held not to apply when the offer of settlement was written prior to the initiation of the lawsuit. See HRJ Barbecue Co., Inc. v. Shapiro, 463 So.2d 403 (Fla. 3d DCA 1985). Here, the 1991 letter was written prior to Rease's filing of her August 1991 complaint; thus, under Shapiro, the statutory prohibition would not apply. However, the holding in Shapiro has been questioned by a respected commentator to the Florida Evidence Code who has opined that "[t]o further the policy underlying the rule of encouraging settlement of disputes without regard to the judicial process, the better rule is not to require that a suit be filed or even threatened; rather, the protection of section 90.408 should be invoked in today's litigious society when the party making the statement reasonably believed that the controversy would result in legal proceedings if the matter was not settled." See Charles W. Ehrhardt, Florida Evidence § 408.1 at 216 (1994). Because we rule that the claim involved in the offer of settlement embodied in the July 1991 letter is not the same, or is not related to, the claim that is in controversy in the instant lawsuit, we need not address the merits of this argument.