PER CURIAM.
Victor W. and Vanda Firmani have appealed a final judgment entered on a jury verdict in favor of Susan C. Grant, plaintiff below, in an automobile negligence case. The issue on appeal is whether the lower court erred in refusing to include on the verdict form an interrogatory to determine whether the plaintiff met the “permanent injury” threshold of Florida’s no-fault law. § 627.737(2), Fla. Stat. (1995). The question of permanency was an issue in the case.
It is clear that the trial court possesses exceptionally broad discretion in deciding whether to include an interrogatory in the verdict form[1] and that the omission in this case was not reversible error. Nevertheless, this is the first time we have seen a situation where the lower court has refused to include a question concerning the permanent injury threshold on a verdict form in a case where the threshold was a controverted issue. We write to urge the Committee on Standard Jury Instructions in Civil Cases to carefully consider the desirability of making such an interrogatory part of the standard verdict form. Although the jury may be given an instruction on the permanent injury threshold limitation on types of awardable damages, absent such an interrogatory on the verdict form, the jury is left bereft of any direction concerning how to implement a de- *870 cisión that the threshold has not been met. There is great potential for the jury to be misled into following the verdict form rather than following the jury instruction.
AFFIRMED.
DAUKSCH, GRIFFIN and THOMPSON, JJ., concur.

. Florida East Coast Ry. Co. v. Lassiter, 58 Fla. 234, 50 So. 428, 430 (Fla.1909); Walsh v. Diaz, 409 So.2d 1186 (Fla. 4th DCA 1982); Souto v. Segal, 302 So.2d 465 (Fla. 3d DCA 1974).