NORTHCUTT, Judge.
Eric Bellamy appeals an adverse final summary judgment in his automobile negligence suit against Ameri-Pride, Inc. We reverse because the record did not establish Ameri-Pride’s entitlement to judgment.
Bellamy was rear-ended by a vehicle that was owned by Ameri-Pride and driven by Cesar Calihua. Bellamy sued Am-eri-Pride, which defended by denying that Calihua was never its employee and alleging that Calihua had stolen the vehicle. Pursuant to Florida Rule of Civil Procedure 1.510, Ameri-Pride moved for and obtained a summary judgment based on an affidavit by its president asserting that Calihua had never been employed by the company, that he had stolen the vehicle, and that he had no authority to operate the vehicle.
■ [1] A court may enter summary judgment only if the record demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Archie v. State Farm Fire & Cas. Co., 603 So.2d 126, 127 (Fla. 2d DCA 1992). The burden is on the movant to “demonstrate conclusively” that the non-movant cannot prevail. Id. It is an exacting test, for “[i]f the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Id. Moreover, when determining whether the record reflects a material issue of fact, the court must draw every possible inference in favor of the non-movant. Poe v. IMC Phosphates MP, Inc., 885 So.2d 397, 400 (Fla. 2d DCA 2004).
In this case, facts in the record supported an inference that Calihua was driving the vehicle with Ameri-Pride’s knowledge and consent, notwithstanding Ameri-Pride’s assertion to the contrary. Bellamy’s affidavit recounted that after the accident Calihua gave the investigating police officer a business card, which the officer passed on to Bellamy. Printed on the business card were Ameri-Pride’s logo and information and a picture of one of its trucks. The card bore the name of Michael Huck, Director of Operations. Bellamy telephoned the number on the card and spoke to a person who said he was Michael Huck. Bellamy said that this person acknowledged the accident and offered a sum of money to settle the claim. Bellamy attached a copy of the business card to his affidavit. The record also contains a police report stating that at the time of the accident, Calihua produced an insurance card showing Ameri-Pride’s insurance carrier and policy number.
Bellamy also filed the deposition of Alexander Petroski, who said that he worked for Ameri-Pride as a general manager beginning two months after this accident. According to Petroski, in the two years he worked for the company, Ameri-Pride regularly hired workers for cash without re *1055 questing identification or driver’s licenses from them. He said that the company regularly gave these “cash workers” access to its vehicles, including overnight access, and that there were auto accidents involving such workers on more than one occasion. Petroski said that Ameri-Pride would settle claims arising from these accidents without involving its insurer and that, when the company was contacted by another driver who had been involved in an accident with its vehicle, it would falsely state that the vehicle had been stolen.
Ameri-Pride contends that Bellamy’s affidavit relates an offer to compromise a claim and thus would be inadmissible under section 90.408, Florida Statutes (2012). That may or may not be the case; the statute excludes evidence of an offer to compromise “a claim which was disputed as to validity or amount[.]” This record does not disclose whether Bellamy’s claim was disputed when he spoke to Michael Huck. See H.R.J. Bar-B-Q, Inc. v. Shapiro, 463 So.2d 403, 404 (Fla. 3d DCA 1985) (holding that evidence of offer made to plaintiff when he was fired by defendant not inadmissible where there was no existing claim that was disputed as to liability or amount). Be that as it may, even disregarding Huck’s offer to compromise the claim, the other facts previously described created an inference that Calihua was driving Ameri-Pride’s vehicle with its knowledge and consent. As such, they created a material issue of fact that precluded summary judgment for Ameri-Pride.
Reversed and remanded for further proceedings.
LaROSE and KHOUZAM, JJ„ Concur.